C. F. CLARK v. JESSE LAMAR HOLLINGSWORTH, JR., unmarried, SUNNY SOUTH PACKING CO., *et al.*

188 So. 827
Division A.
Opinion Filed May 12, 1939
Rehearing Denied June 2, 1939

*William E. Thompson,* for Appellant;
*Leitner & Leitner,* for Appellee.

BUFORD, J.—The appeal brings for review decree of the Chancellor insofar as the decree provides:

"3. That the plaintiff is not entitled to the relief prayed for in the bill of complaint as against the lands described in Tax Sale Certificate No. 86, situate, lying and being in the County of DeSoto and State of Florida, to-wit: South Half (S½) of Southeast Quarter (SE¼) of Southwest Quarter (SW¼) of Section 27, Township 37 South, Range 24 East, and that the bill of complaint be and the same is hereby dismissed as to said lands and the *lis pendens* filed in this cause as to said lands be and the same is' hereby cancelled and declared of no further force and effect."

Appellant, complainant in the court below, filed his bill of complaint alleging:

"I. That on or about October 19, 1925, he paid to the Clerk of the Circuit Court in and for DeSoto County, Florida, for the purchase of the following numbered tax certificates against the land hereinafter described for the unpaid State and County taxes thereon for the years 1921, 1922, 1923, 1924 and 1925, said certificates and the sums paid therefor are as follows:

Tax Sale Certificate No. 62............................$ 54.55
Tax Sale Certificate No. 86........................... 655.07
Tax Sale Certificate No. 179......................... 82.65

Making an aggregate of $792.27, being the sum plaintiff paid to the Clerk of the Circuit Court for the purchase of the above described tax certificates, said certificates being against the following described lands for unpaid taxes due thereon for said years, and each being issued August 7, 1922, more particularly described as follows:

"Land covered by Certificate No. 62 being the South half of NE¼ of NW¼, Section 2, Township 37 South, Range 24 East;

"Land covered by Certificate No. 86 being the South half of SE¼ of SW¼, Section 27, Township 37 South, Range 24 East, and

"Land covered by Certificate No. 179 being the NE¼ of NE¼, Section 27, Township 36 South, Range 25 East.

"That on or about October 19, 1925, plaintiff surrendered said tax certificates to the Clerk of the Circuit Court in and for DeSoto County, Florida, and made application thereon for a tax deed in the form prescribed by law, paying all fees required under the law and all costs for the issuance of a tax deed, and that thereafter and on November 19, 1925, what purports to be a tax deed was issued to plaintiff reciting the consideration above mentioned in the aggregate sum of $792.27, and was recorded in the Public Records of DeSoto County, Florida, on the 27th day of November, 1926, in Deed Book 5, page 335.

"II. Plaintiff further represents unto the Court that the defendant, Jesse Lamar Hollingsworth, Jr., unmarried, appears to be the record owner of the real estate above described as included in Certificate No. 86 and being described as the South half of the SE¼ of SW¼, Section

27, Township 37 South, Range 24 East, he having obtained the same by special warranty deed dated April 15, 1929, and filed for record in the Public Records of DeSoto County, Florida, on April 15, 1929; and that the defendant Plant City Production Credit Association, a corporation, claims an interest in said land as having acquired a mortgage from Wauchula Production Credit Association, a corporation, dated August 25, 1934, and filed for record in the public records of DeSoto County on August 25, 1934, in Mortgage Book 58, page 371, against the South half of SE¼ of SW¼, Section 27, Township 37 South, Range 24 East, being a part of the land above described; and that the defendant, The United States of America, has an interest in the same land last above described by reason of two certain mortgages, each dated May 21, 1935, and each recorded June 26, 1935, in the Public Records of DeSoto County, Florida, in Mortgage Book 59, pages 123 and 124, respectively, made to Farm Credit Administration, which organization was created by an executive order of the President of the United States and that in fact such mortgages are held by the United States of America, and the United States of America holds a lien against the land above described and is entitled to be sued under the provisions of an act of Congress; and that the defendant E. D. Treadwell is the owned of the real estate described in Certificate No. 62 aforesaid, the same being the South half of the NE¼ of NW¼, Section 2, Township 37 South, Range 24 East, and that the defendant Margaret Treadwell, the wife of the said E. D. Treadwell, has an interest therein by reason of her right of dower.

"III. Plaintiff further shows unto the Court that the real estate described in Certificate 179 aforesaid, being the NE¼ of NE¼ Section 27, Township 36 South, Range 25 East, was owned by George Kemp prior to the execution

of the purported tax deed and since the issuance of said tax deed the said George Kemp has redeemed from the operation of the said tax deed the above described real estate.

"And plaintiff further shows unto the Court that all of the real estate described in Certificate No. 86 aforesaid, the same being the South half of the SE¼ of SW¼, Section 27, Township 37 South, Range 24 East, is improved property having located thereon certain buildings and groves, and is now occupied by defendant, Jesse Lamar Hollingsworth, Jr., or persons claiming by, through or under him, and has been so occupied by said defendant since April 15, 1929, and plaintiff has not been in possession of said real estate, nor has he claimed possession under his tax deed; and that the real estate described in Certificate No. 62 aforesaid, the same being the South half of the NE¼ and NE¼, Section 2, Township 37 South, Range 24 East, is wild and unimproved land.

"IV. Plaintiff further shows unto the Court that all of the lands described in this bill of complaint and each parcel thereof was subject to taxation at all of the times mentioned herein and that the same has not been exempt from taxation during any of the times mentioned herein; that the certificates referred to were issued against each of the parcels described herein in strict accordance with the law in force based upon legal and valid assessments and levy for taxes in the sums above referred to and that the taxes against each of the parcels of land constitute a lien upon each of said parcels for the respective taxes duly levied and assessed by the proper officers of DeSoto County, Florida, in the sums represented by said certificates. That the sums of money paid by plaintiff for the purchase of said certificates and the respective liens represented thereby were

distributed between the State of Florida and the County of DeSoto as provided by law for County and State purposes.

"That the plaintiff never having resided in the State of Florida and being unaware of his legal rights in the premises consulted his undersigned attorneys who advised him that under the laws and decisions of the Supreme Court of Florida his tax deed dated November 19, 1925, could not be relied upon as a muniment of title upon which to base a claim to possession or ownership of any of the lands described therein, but that the lien of the taxes has not been discharged by payment.

"Plaintiff further shows unto the Court that having been a non-resident of the State of Florida and having never seen or examined the lands described in the purported tax deed and having been unaware of the operation of the law having been ignorant of the facts applicable to the law, but having paid the sums of money above referred to for the purchase of each of said certificate and having received no benefit therefrom, although said sums of money were used by the State of Florida and the taxing districts of DeSoto County for various State and County purposes and it having been the duty of the defendants to pay the taxes legally assessed against the respective parcels of land above described, and such duty being a continuing duty, plaintiff is now subrogated to the rights of the State for the enforcement of taxes duly assessed against each of the parcels of land above described, and to deny plaintiff such remedy, there being no other adequate remedy, would be to deny plaintiff due process of law as guaranteed under the Constitution of the State of Florida and the Constitution of the United States of America.

"V. Plaintiff further shows unto the Court that on August 18, 1926, relying on advice of attorney to enforce his rights and attorney mistaking his remedy under said

tax deed, instituted what purported to be a bill to quiet title in the Circuit Court in and for DeSoto County, Florida, and on June 14, 1927, said cause was dismissed by the Clerk of the Circuit Court in and for DeSoto County, Florida, for failure to set down demurrer for argument, and an amended bill without leave of court was filed in said cause on January 18, 1929, and an order therein on June 27, 1929, denying the reinstatement of said cause.

"Plaintiff since the issuance of said tax deed has never instituted any other proceeding thereon or sought to obtain possession of said land, and that possession of said land could not be obtained under said tax deed as the same is void, as will more fully appear herein.

"That the said tax deed although purporting to be issued in due form by the Clerk of the Circuit Court of DeSoto County, Florida, is in fact null and void and has been null and void since its issuance. That a true copy thereof is hereto attached and made a part hereof and reference thereto prayed, and marked Exhibit 'A'."

The bill then alleged sufficient facts to show that the tax deed was null and void because it was issued without the publication of notice required by law and that the notice which was published embraced more than one parcel of land and bids were not received separately as to each parcel but the taxes represented thereby were included in the aggregate amount rather than by parcels so that the taxes upon one parcel and the cost of tax deed application was charged against other parcels of land.

The bill then avers:

"That by reason of the invalidity of said tax deed, plaintiff is entitled to have the same adjudged invalid, null and void in this proceeding and to obtain a repayment of the amount expended by the purchaser of said tax deed plus

8% per annum interest from the date of said tax deed as provided by law, and to have a lien declared and enforced for said amount against each of the parcels of land above described, the same being the South half of NE¼ of NW¼, Section 2, Township 37 South, Range 24 East, and the South half of SE¼ of SW¼, Section 27, Township 37 South, Range 24 East, for the respective amounts due, thereon for unpaid taxes advanced by plaintiff for the purchase of said Certificates No. 62 and No. 86, and that the claim of the plaintiff for said sums so advanced plus interest is a claim superior to the liens of said defendants and each of them.

"VI. Plaintiff further represents unto the Court that the sum so paid, aggregates $709.62 and the interest on said sum at the rate of 8% per annum as allowed by statute of $660.14, which together with the principal sum paid makes the total for principal and interest of $1,369.76, and that no part of said amount has been paid by said defendants, or any of them."

On motion, that part of paragraph 4 reading as follows was stricken:

"That the plaintiff, never having resided in the State of Florida and being unaware of his legal rights in the premises, consulted his undersigned attorneys who advised him that under the laws and decisions of the Supreme Court of Florida his tax deed dated November 19, 1925, could not be relied upon as a muniment of title upon which to base a claim to possession or ownership of any of the lands described therein, but that the lien of the taxes has not been discharged by payment."

As to the wild and unimproved lands the Court decreed a lien, but as to those lands which had been in possession of the defendant at all times since the acquisition of the tax certificates, the Court dismissed the bill.

1A

It appears that the latter part of the order was entered upon what the Court conceived to be the holding of this Court in Palbicke v. Takami, *et ux.,* 112 Fla. 629, 151 Sou. 287. That suit was brought under the provisions of chapter 14572, Acts of 1929. In that case we said:

"As to tax deeds affected by the provisions of section 794 R. G. S., 1020 C. G. L., no vested rights would accrue which would make the provisions of chapter 14572, *supra,* inoperative until such tax deeds had become four years old.

"It may be that as to tax deeds issued after the passage of the Act (Chapter 14572) the limitations contained in section 794 R. G. S., 1020 C. G. L., would not be applicable in a case where suit is brought to foreclose a lien as distinguished from a suit to recover possession of property."

In the instant case no tax deed has been issued. The paper purporting to be a tax deed was not authorized by law. The holder of such tax deed acquired nothing by it, although it was predicated, so far as this record shows, upon valid tax certificates.

It, therefore, follows that in this case the purchaser of the tax sale certificates who attempted to acquire a tax deed under such certificates but did not acquire any tax deed is entitled to the exercise of all the rights and benefits accruing to him by reason of the purchase of the tax sale certificates and, in that regard, stands in the same position as if he had never applied for a tax deed.

The same is true of the rights of the owner of the lands described in the certificate. The attempt to issue a tax deed was void and, therefore, the owner was, and is, in position to redeem the property from the tax sale certificates by paying the amount of the certificate, with interest, penalties and costs as provided by law.

Under the state of facts here existing, neither party is

controlled either by the provisions of chapter 14572, *supra,* or by the provisions of Sec. 794 R. G. S., 1020 C. G. L.

The provisions of Sec. 795 R. G. S., 1026 C. G. L., are not applicable to the case at bar.

The record shows that certificate No. 86 covering the South half of SE¼ of SW¼ of Sec. 27, Township 37 South, Range 24 East, purchased by the complainant Clark was a valid certificate issued because of the non-payment of taxes and constituted the evidence of a lien on the property described. That lien has not been discharged but continues to exist. See Sec. 896, C. G. L.

Under the Constitution of Florida, Section 11, Article V, and under the statutes, Sec. 3228 R. G. S., 5034 R. G. S., Circuit Courts exercising chancery jurisdiction have jurisdistion over all liens of any kind.

It, therefore, follows that the decree appealed from insofar as it denied relief as hereinbefore indicated is reversed and the cause is remanded for the entry of a decree not inconsistent with the views herein expressed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.