WALDEN, Judge.
Plaintiff, McCotter Motor Company, appeals from an order of dismissal entered on the basis of lack of jurisdiction by the Court of Record in and for Brevard County, Florida.
*926 That court was created by Chapter 61-605, Laws of Florida, 1961. Its jurisdiction was limited to “cases at law in which the demand or value of property in controversy” is not less than $500.00 and does not exceed $5,000.00.
Two automobiles collided. McCotter Motor Company owned one of the vehicles involved and it brought suit to recover its property damage. The items for which claim was made were costs of repairs, plus the difference in the car’s present sales price in a repaired condition as compared with its sales price prior to collision. No figures were pled except damages were demanded “for a sum in excess of Five Hundred Dollars.”
A default was entered against the defendants based on personal service. After notice to the defaulting defendants, a trial was conducted and in consequence a final judgment was entered in favor of plaintiff in the sum of $928.99 and costs of $22.50. This sum was, of course, within the court’s statutory limits. It does not appear that plaintiff ever claimed or sought to obtain any sum more than that cognizable in the court of record.
At this stage the defendants came forth and filed a motion to dismiss asserting lack of jurisdiction. The point of their grievance is that the complajnt does not negate by specific allegation that the damages demanded did not exceed the maximum or ceiling of the court of record’s jurisdiction. For instance, defendants suggest that their plaint could have been satisfied had the words “and not in excess of $5,000.00,” been added to the ad damnum clause.
The trial court agreed with defendant’s position and entered the order of dismissal appealed wherein it was found:
“1. The complaint claims damages in excess of the sum above the minimum jurisdiction of this Court hut not beneath the maximum jurisdiction of this Court.
“2. That even though the testimony introduced before the Court at which time final judgment was entered in the sum of above the minimum but less than the maximum, the complaint does not specifically set forth a claim in that particular sum, it is therefore ORDERED that the Motion To Dismiss be and the same is hereby granted.”
We pause to say that we agree that a careful pleader would do well in courts of intermediate jurisdiction to consider defendants’ suggestion so as to exactly demand a sum more than the minimum and less than the maximum jurisdictional amount. Although this might be redundant depending on the other allegations of a complaint, we believe it to be a desirable way to cast the jurisdiction, at least prima facie, and prevent appeals such as this. However, a failure to track such suggestion is not necessarily fatal. In other words, the amount demanded in the ad damnum is not always controlling depending upon the other allegations of the complaint and the circumstances. Meltsner v. Aetna Casualty & Insurance Company, Fla.App. 1965, 177 So.2d 43.
A fair evaluation of the material within the complaint’s four corners indicates that the vehicle was repairable and saleable. This overcomes the possibility that the automobile was rendered a total loss or so severely damaged as to be neither repairable nor saleable. If the whole value of an automobile was somehow claimed then it might be argued that some automobiles cost in excess of $5,000.00. However, the instant allegations are such that we think the possibility of the damages exceeding $5,000.00 are so remote as to be not worthy of consideration. Therefore, we say that the complaint reflected apparent jurisdiction entitling the trial court to go forward.
The true test of a court’s monetary jurisdiction depends upon the amount claimed and put in controversy in good *927 faith. Tantillo v. Miliman, Fla.1956, 87 So.2d 413; Gannett v. King, Fla.App. 1959, 108 So.2d 299; Amira v. Vineberg, Fla.App. 1962, 144 So.2d 94; Meltsner v. Aetna Casualty & Insurance Co., supra. Thus, if court or counsel question the monetary jurisdiction and it appears that the amount claimed in good faith is without the jurisdiction of the court, the case could be merely transferred to the proper court regardless of the content of the ad damnum clause. See Rule 1.13(j) and 1.39, Florida Rules of Civil Procedure, 30 F.S.A.
The question of the amount or value of the property in controversy received the acid test of a trial resulting in a final judicial finding of exact damages within the jurisdiction of the court. Having apparent jurisdiction initially, this set the matter at rest and beyond challenge. Upon being confronted with defendants’ motion at that time, the trial court would have been justified in denying it or, as a pleading nicety, an amendment could be made at that stage in conformity with defendants’ suggestion. Rule 1.15(b), Florida Rules of Civil Procedure.
In sum, we feel that the plaintiff made a showing sufficient to support the jurisdiction of the Court of Record in and for Brevard County.
The order appealed is reversed with directions to reinstate the final judgment.
SMITH, C. J., and KANNER (Ret.), Associate Judge, concur.