PER CURIAM.
Affirmed. It was not error for the judge on September 12, 1983 to refuse to enter an order expunging the two appel-lees’ mechanic’s liens from public record. These liens had been filed on January 14, 1981 and the appellees had failed to begin actions to enforce the liens within one year of that date. Thus, these liens had expired by operation of law. §§ 713.21, 713.22(1), Fla.Stat. (1983); Hughey v. Stevmier, Inc., 190 So.2d 410, 414 (Fla. 2d DCA 1966), cert. denied, 195 So.2d 565 (Fla.1966). The Hu-ghey court was specifically ruling on Sections 84.21 and 84.23, Florida Statutes (1961), but these two sections were substantially the same as our current Florida Statute Sections 713.21 and 713.22. Furthermore, since these liens were discharged by operation of law, they do not constitute a cloud on title. Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1976). Appellant’s remaining points on appeal similarly failed to demonstrate error. Thus we affirm.
DOWNEY and GLICKSTEIN, JJ., and GUNTHER, BOBBY W., Associate Judge, concur.