482 So.2d 525 (1986)
CORBIN WELL PUMP and SUPPLY, INCORPORATED, Appellant,
v.
James D. KOON, Irene M. Koon, Charles O. Coburn and Gertrude H. Coburn, Appellees.
No. 85-216.
District Court of Appeal of Florida, Fifth District.
January 30, 1986.
*526 Leslie R. Gardieff, Crystal River, for appellant.
Fred J. Krim of Savage, Krim, Simons, Fuller & Ackerman, P.A., Ocala, for appellees.
SHARP, Judge.
Corbin Well Pump and Supply, Inc. appeals from a final judgment entered in a quiet title suit brought by James D. Koon, Irene M. Koon, Charles O. Coburn and Gertrude H. Coburn. Corbin and the appellees claim title to the same parcel of real property located in Citrus County, Florida, through unrelated mechanic lien foreclosure actions. The Corbin foreclosure was first in time, and the prior owners of the property were properly noticed and joined as parties. However, the trial court held that the Corbin lien foreclosure judgment, upon which its title claim is based, is void. We affirm.
On December 18, 1975, Corbin filed a suit to foreclose its lien in the County Court of Citrus County. It was the last day allowed to file the lien foreclosure, pursuant to section 713.22(1), Florida Statutes (1975).[1] The proper court in which to bring a lien foreclosure suit is the circuit court, and not the county court. After this error was discovered, the county court transferred the suit to the circuit court on March 3, 1976. The suit continued to final judgment in Corbin's favor. After bidding at the public sale, Corbin received title to the property on January 11, 1977.
*527 Meanwhile, after Corbin's foreclosure suit was in process, the record owner conveyed the property to another party. Work was performed on the property, which resulted in a second mechanic lien foreclosure suit. At a public sale held January 4, 1978, Mason Concrete of Crystal River, Inc., became record owner. It then conveyed the property to appellees on January 24, 1978.
Corbin argues that its title cannot be collaterally attacked by the appellees, whose predecessors in title were bound as parties to the prior lien foreclosure. While parties and their successors in title or interest are generally bound by final judgments in suits in which they appeared as parties, they are not bound if the judgment being attacked is void because the court rendering the judgment lacked subject matter jurisdiction.[2] They would only be bound in such a case if the jurisdiction of the court turned on factual disputes which were actually litigated by the parties.[3] This exception is not applicable in this case.
Section 26.012(2)(c), Florida Statutes (1983) gives circuit courts exclusive original jurisdiction in all equity cases. A lien foreclosure is an equitable action. Clark v. Hollingsworth, 138 Fla. 2, 188 So. 827 (1939). Circuit courts therefore have exclusive jurisdiction to hear and decide mechanic lien foreclosure suits.[4] The filing of the suit in the county court rather than the circuit court was a nullity because it lacked subject matter jurisdiction.
When the Corbin lien foreclosure was thereafter transferred to the circuit court, the one year mandated by the mechanic lien statute had run. This was a fatal defect in this case since section 713.22(1) is not an ordinary statute of limitations. It is a part of the right of action itself. After the one-year time period runs, the right to bring a mechanic lien foreclosure is extinguished, and the record regarding the lien may be expunged. Sunshine Builders v. Taylor, 456 So.2d 506 (Fla. 4th DCA 1984); Corry Construction Co., Inc. v. Hector Construction Companies, Inc., 363 So.2d 1125 (Fla. 1st DCA 1978); Regal Wood Products, Inc. v. First Wisconsin National Bank of Milwaukee, 347 So.2d 643 (Fla. 4th DCA 1977).
Nor do we think that Florida Rule of Civil Procedure 1.060(a)[5] is applicable in this case to make the filing in the county court effective to stop the running of the one year time period. This rule merely allows transfers of suits filed in the wrong court within any county because of the amount of damages in controversy.[6] It might also have permitted the transfer of this suit from the county to the circuit court so as to have saved additional filing fees, had the transfer preceded the running of the one year lien period. However, the mechanic lien statute provides that this time period can only be halted by filing suit in a "court of competent jurisdiction," section 713.22(1), which the county court clearly was not. This statute is strictly construed by the courts. See Trushin v. Brown, 132 So.2d 357 (Fla. 3rd DCA 1961).
*528 We find no other authority by construction, statute or rule authorizing the county court to transfer a suit to the circuit court in a mechanic lien foreclosure case and have the filing date carry over. Article V, section 2(a) of the Florida Constitution authorizes the supreme court to adopt rules for transferring proceedings filed in the wrong court where the jurisdiction of a court has been improvidently invoked. However, none have been adopted which cover this case.
Florida Rule of Appellate Procedure 9.040(b) provides that if a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court. The committee note to that rule states that all filings in a case have the same legal effect as though originally filed in the court to which transfer is made. While this rule covers transfers from one appellate court to another, from an appellate court to the supreme court, and even between appellate courts and circuit courts, State ex rel Soodhalter v. Baker, 248 So.2d 468 (Fla. 1971), it does not authorize transfers from county courts to other courts. This is so because Florida Rule of Appellate Procedure 9.010, which defines the scope of the appellate rules, states that the rules govern all proceedings commenced in the supreme court, the district courts of appeal and the circuit courts. They do not apply to county courts.
AFFIRMED.
NOTES
[1] This statute provides:

No lien provided by part I of this chapter shall continue for a longer period than one year after the claim of lien has been recorded unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction.
[2] See Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909); Trotter v. Van Pelt, 144 Fla. 517, 198 So. 215 (1940); Florida Power & Light Co. v. Canal Auth. of State of Florida, 423 So.2d 421 (Fla. 5th DCA 1982), review denied, 434 So.2d 887 (Fla. 1983); cf. Tucker v. Dianne Electric, Inc., 389 So.2d 683 (Fla. 5th DCA 1980).
[3] See Haas v. Haas, 59 So.2d 640 (Fla. 1952); Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).
[4] See Mills v. Robert W. Gottfried, Inc., 272 So.2d 837 (Fla. 4th DCA 1973); Stel-Den of America, Inc. v. Roof Structures, Inc., 438 So.2d 882 (Fla. 4th DCA 1983), review denied, 450 So.2d 488 (Fla. 1984).
[5] Florida Rule of Civil Procedure 1.060(a) provides:

If it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within said county by the same method as provided in Rule 1.170(j).
[6] Fla.R.Civ.P. 1.060(a); see McCotter Motor Co. v. Woody, 184 So.2d 925 (Fla. 4th DCA 1966); Florida Transp. Co. v. Dixie Sightseeing Tours, Inc., 139 So.2d 175 (Fla. 3rd DCA 1962).