615 So.2d 245 (1993)
NACHON ENTERPRISES INC., a Florida corporation, Appellant,
v.
ALEXDEX CORPORATION, a Florida corporation, Appellee.
No. 92-1456.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Rehearing Denied April 13, 1993.
*246 Pedro F. Martell, Coral Gables, for appellant.
Richard J. Burton & Associates and Richard J. Burton, Dania, for appellee.
Before HUBBART, NESBITT and LEVY, JJ.
LEVY, Judge.
In this action to foreclose a construction lien in the amount of $4,140.44, we find that the lienor properly filed the foreclosure action in County Court, and thus it was error for the Circuit Court to discharge the lien.
In 1991, appellant Nachon Enterprises filed a notice of lis pendens to establish and foreclose a construction lien, against appellee Alexdex Corporation's property, in the civil division of the County Court. Alexdex responded with a complaint to show cause and to discharge the lien, which was filed in the Circuit Court. Nachon then filed a Motion to Dismiss Alexdex's complaint in the Circuit Court setting forth the fact that Nachon had already timely instituted a foreclosure action in the County Court. Despite the foregoing, in June of 1992, the Circuit Court granted Alexdex's Motion to Discharge the lien based upon the ground that Nachon had not properly responded to the Show Cause Action.
Florida's lien laws, Chapter 713, are an abrogation of the common law, and are to be strictly construed, as well as strictly applied. See Krasne-Gold Coast Joint Venture v. Allied Drywall, Inc., 573 So.2d 194 (Fla. 4th DCA 1991); Goldberger v. United Plumbing and Heating, Inc., 358 So.2d 860 (Fla. 4th DCA 1978); Wesley Constr. Co. v. Yarnell, 268 So.2d 454 (Fla. 4th DCA 1972). Section 713.22(1) provides that a lien is not enforceable after one year from the recording of the claim of lien "unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction." Effective October 1, 1990, the legislature promulgated Section 34.01(4) which specifically states that:
Judges of county courts may hear all matters in equity involved in any case within the jurisdictional amount of the county court, except as otherwise restricted by the State Constitution or the laws of Florida.
Pursuant to this Section, a "court of competent jurisdiction" to hear foreclosure actions, which are equitable in nature, now includes the County Court. Unlike an action to quiet title, which is within the exclusive jurisdiction of the Circuit Court, see § 26.012(2)(g), Fla. Stat. (1991), the foreclosure action at issue here is not an action "involving the title and boundaries of real *247 property." See also Spector v. Old Town Key West Development, Ltd., 567 So.2d 1017 (Fla. 3d DCA 1990) (citing cases dealing with real property but not governed by "local action" rule), review denied, 577 So.2d 1327 (Fla. 1991); Kugeares v. Casino, Inc., 372 So.2d 1132 (Fla. 2d DCA 1979) (landlord's action to regain possession of real property not within Circuit Court jurisdiction under § 26.012); Williams v. Gund, 334 So.2d 314 (Fla. 2d DCA 1976) (action for damages for unlawful detainer of real property not within § 26.012). Thus, construction lien foreclosure actions are to be filed in the County Court if the amount involved does not exceed the jurisdictional limit of that court. Accordingly, Nachon had properly taken steps to avoid cancellation of the lien. See Mainlands Constr. Co., Inc. v. Wen-Dic Constr. Co., Inc., 482 So.2d 1369 (Fla. 1986).
When Alexdex subsequently filed its Motion to Discharge the lien in Circuit Court, pursuant to the provisions of Section 713.21(4), Nachon properly responded by filing a Motion to Dismiss in the Circuit Court action, which advised the Circuit Court judge as to the pendency of the County Court foreclosure action. The Circuit Court judge erred in denying Nachon's Motion to Dismiss which demonstrated proper cause not to discharge, based upon the prior timely and proper filing of the foreclosure action in the County Court.
Accordingly, we reverse the discharge of the construction lien with instructions that the Circuit Court reinstate the lien and grant Nachon's Motion to Dismiss the Circuit Court case, thus allowing Nachon to pursue foreclosure of the lien in the properly filed County Court case.
Reversed and remanded with instructions.