641 So.2d 858 (1994)
ALEXDEX CORPORATION, etc., Petitioner,
v.
NACHON ENTERPRISES, INC., etc., Respondent.
No. 81765.
Supreme Court of Florida.
September 1, 1994.
*859 Deborah Marks, North Miami, and Richard J. Burton of Geller, Geller, Burton & Garfinkel, Fort Lauderdale, for petitioner.
*860 Pedro F. Martell of Pedro F. Martell, P.A., Coral Gables, for respondent.
Barry Kalmanson of Barry Kalmanson, P.A., Orlando, amicus curiae for Aluminum Ass'n of Florida, Inc. and Nat. Ass'n of Credit Management of Florida, Inc.
Charles R. Gardner and Bruce I. Wiener of Gardner, Shelfer, Duggar & Bist, P.A., Tallahassee, and Larry R. Leiby of Leiby, Ferencik, Libanoff & Brandt, P.A., Miami, amicus curiae for The Real Property, Probate and Trust Law Section of The Florida Bar.
R. Hugh Lumpkin and Norman S. Segall of Keith, Mack, Lewis, Cohen & Lumpkin, Miami, amicus curiae for Stewart Title Guar. Corp., Attorney's Title Ins. Fund, First American Title Ins. Co., Commonwealth Land Title Ins. Corp., the Florida Land Title Ass'n, Old Republic Nat. Title Ins. Co. and Avatar Properties, Inc.
Jerry L. Linscott, Frank S. Ioppolo, Jr. and Harkley R. Thornton of Baker & Hostetler, Orlando, amicus curiae for American Resort Development Ass'n.
PER CURIAM.
Under jurisdiction granted to us by article V, section 3(b)(3), Florida Constitution, we review Nachon Enterprises, Inc. v. Alexdex Corp., 615 So.2d 245 (Fla. 3d DCA 1993), because of its conflict with Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987). We approve the opinion below and hold that circuit courts, and county courts within their statutorily set monetary limit, have concurrent jurisdiction in matters of equity.
The relevant facts are:
In 1991, appellant [respondent here] Nachon Enterprises filed a notice of lis pendens to establish and foreclose a construction lien, against appellee [petitioner here] Alexdex Corporation's property, in the civil division of the County Court. Alexdex responded with a complaint to show cause and to discharge the lien, which was filed in the Circuit Court. Nachon then filed a Motion to Dismiss Alexdex's complaint in the Circuit Court setting forth the fact that Nachon had already timely instituted a foreclosure action in the County Court. Despite the foregoing, in June of 1992, the Circuit Court granted Alexdex's Motion to Discharge the lien based upon the ground that Nachon had not properly responded to the Show Cause Action.
Nachon Enter. v. Alexdex Corp., 615 So.2d 245, 246 (Fla. 3d DCA 1993). The district court of appeal reversed the circuit court and reinstated the lien, holding that Nachon properly filed the foreclosure action in the county court. The court also held that construction lien foreclosures are equitable actions that do not involve the title and boundaries of real property and such foreclosure actions are to be filed in the county court if the amount involved does not exceed the county court's jurisdictional monetary limit. Petitioner Alexdex contends that jurisdiction lies solely in the circuit court. We disagree.
This case requires us to examine the grants of jurisdiction under chapters 26 and 34 of the Florida Statutes and resolve any conflict therein.
The pertinent sections of the statutes read as follows:
(2) They [circuit courts] shall have exclusive original jurisdiction:
(a) In all actions at law not cognizable by the county courts;
... .
(c) In all cases in equity including all cases relating to juveniles except traffic offenses as provided in chapters 39 and 316;
... .
(g) In all actions involving the title and boundaries of real property.
§ 26.012(2)(a), (c), (g), Fla. Stat. (1989).
Judges of county courts may hear all matters in equity involved in any case within the jurisdictional amount of the county court, except as otherwise restricted by the State Constitution or the laws of Florida.
§ 34.01(4), Fla. Stat. (Supp. 1990).
Contrary to the court below, we believe that the foreclosure of a lien on real estate involves "the title and boundaries of real property" as set forth in section 26.012(2)(g). *861 As explained in Publix Super Markets:
An action to foreclose a mechanic's lien, like an action to foreclose a mortgage on land, is an action seeking to judicially convert a lien interest (an equitable interest) against a land title to a legal title to the land and in such an action the result sought by the action requires the trial court to act directly on the title to the real property.
502 So.2d at 486.[1] Therefore, the circuit court would have jurisdiction over lien foreclosures of real estate under section 26.012(2)(g).
Notwithstanding, lien foreclosures of real estate are also matters in equity. Corbin Well Pump & Supply, Inc. v. Koon, 482 So.2d 525, 527 (Fla. 5th DCA 1986) (citing Clark v. Hollingsworth, 138 Fla. 2, 188 So. 827 (1939)). Therefore, there is still an obvious inconsistency between chapter 26, which vests circuit courts with exclusive original jurisdiction in matters of equity and cases involving the title and boundaries of real property and chapter 34, which vests county courts with equitable jurisdiction within the specified monetary limits.
The jurisdiction of the courts of the state is broadly defined by our State Constitution; however, the legislature may further define a court's jurisdiction so long as the jurisdiction, as redefined, is not in conflict with the Constitution. State v. Sullivan, 95 Fla. 191, 116 So. 255 (1928). Absent a constitutional prohibition or restriction, the legislature is free to vest courts with exclusive, concurrent, original, appellate, or final jurisdiction. Sullivan, 95 Fla. at 200, 116 So. at 259. Where we have conflicting statutes as in this instance, we first address the constitutionality of the statutes. If each statute, standing alone, passes constitutional muster, then we attempt to reconcile, if possible, the inconsistency.
The controlling constitutional provisions provide that:
(b) JURISDICTION.  The circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general law.
Art. V, § 5(b), Fla. Const.
(b) JURISDICTION.  The county courts shall exercise the jurisdiction prescribed by general law.
Art. V, § 6(b), Fla. Const. We find nothing in these passages that limits equity jurisdiction exclusively to circuit courts, nor do we find anything that prohibits a county court from also hearing matters of equity. We conclude therefore that the statutes, taken separately, do not conflict with our State Constitution.
Having encountered inconsistency in the statutes when they are read in tandem, we look to their legislative history. In so doing, it is presumed that the legislature knows the meaning of the words employed in each statute and that the words properly express legislative intent. S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla. 1978). With this admonishment in mind, it is clear that in 1990 the legislature amended chapter 34 to grant limited equity jurisdiction to the county courts. Ch. 90-269, § 1 at 1972, Laws of Fla. Chapter 26, which vests circuit courts with exclusive original jurisdiction, remained unchanged. We now have two statutes that when considered separately are clear, precise, and their meanings understandable; yet when taken together they are inconsistent. To accept the proposition that the exclusive jurisdiction given to circuit courts in section 26.012 constitutes the "otherwise restricted by the laws of Florida" contained in section 34.01(4) would render the latter section totally meaningless. *862 Therefore, in order to give each statute its full effect, we conclude that the legislature intended to provide concurrent equity jurisdiction in circuit and county courts, except that equity cases filed in county courts must fall within the county court's monetary jurisdiction, as set by statute.[2] A contrary holding would ignore the latest legislative expression on the subject and run counter to our principle enunciated in Sullivan, that a statute should not be interpreted in a manner that would deem legislative action useless. 95 Fla. at 207, 116 So. at 261.
As a final point, we find that in construction lien foreclosures the central focus is on the actual debt owed and not the underlying securing property. Therefore, the monetary restrictions in section 34.01(1)(c)1.-4. shall apply to the amount of the lien without consideration to the value of the securing property.
We approve the decision of the district court of appeal but only to the extent that it holds that the construction lien foreclosure action was properly filed in the County Court. We disapprove the holding that section 26.012(2)(g) does not give circuit courts jurisdiction over lien foreclosures of real property. However, we hold that such foreclosures that fall within the county court's statutorily set limit may be filed in either county or circuit court.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
SHAW, J., concurs in result only with an opinion.
SHAW, Justice, concurring in result only.
I concur in the result reached by the majority, but I am troubled by the path they have chosen to reach the conclusion that county and circuit court have concurrent jurisdiction in foreclosure actions. The majority's reasoning, to my mind, is badly flawed in parts.
I agree with that portion of the majority opinion which holds that "the legislature intended to provide concurrent equity jurisdiction in circuit and county courts, except that equity cases filed in county courts must fall within the county court's monetary jurisdiction, as set by statute." Majority op. at 862. I do not agree, however, with that portion of the majority opinion which concludes that "the foreclosure of a lien on real estate involves `the title and boundaries of real property.'" Majority op. at 860.
Section 26.012(2), Florida Statutes (1989), provides that circuit courts "shall have exclusive original jurisdiction ... [i]n all actions involving the title and boundaries of real property." (Emphasis added.) The majority cites Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987), for the proposition that foreclosure actions involve the "title and boundaries" to real property. Nowhere, however, does Publix say this. Rather, the opinion merely states the obvious  that a foreclosure action involves the "title" to real property. The second half of the statute's requirement, the "boundaries" provision, is unmentioned. I find the majority's explanation for its failure *863 to follow the plain meaning of the statute both unpersuasive and disingenuous.[3]
I feel that foreclosure actions do not involve the "boundaries" to real property and thus fail to meet the "title and boundaries" requirement of section 26.012(2)(g). Accordingly, circuit courts do not have exclusive original jurisdiction in such matters.[4] Because foreclosure actions are equitable in nature, such claims may be filed in either county or circuit court pursuant to the general equity jurisdiction of those courts, as explained in the majority opinion.
Based on the foregoing, I agree with the majority's result that the present action was properly filed in county court and the circuit court erred in discharging it, but I strongly object to the majority's reasoning.
NOTES
[1] We reject Nachon's contention that in order for the circuit court to have jurisdiction under section 26.012(2)(g), the action must involve both the title and boundaries of real property. Section 26.012(2)(g), Florida Statutes (Supp. 1972), originally read that circuit courts had exclusive jurisdiction "in all actions involving the title, boundaries, or right of possession of real property." At that time, the circuit court obviously had jurisdiction for actions involving any one of the three categories. In 1974, the statute was amended to move the jurisdiction over actions involving the right of possession of real property to the county court. Ch. 74-209, § 1, Laws of Fla. By virtue of simply removing the reference to the right of possession of real property from section 26.012(2)(g), the legislature clearly evinced no intention to require that an action involve both title and boundaries in order for the circuit court to have jurisdiction.
[2] The monetary jurisdiction of county courts is:

(1) County courts shall have original jurisdiction:
(a) In all misdemeanor cases not cognizable by the circuit courts;
(b) Of all violations of municipal and county ordinances; and
(c) As to causes of action accruing:
1. Before July 1, 1980, of all actions at law in which the matter in controversy does not exceed the sum of $2,500, exclusive of interest, costs, and attorney's fees, except those within the exclusive jurisdiction of the circuit courts.
2. On or after July 1, 1980, of all actions at law in which the matter in controversy does not exceed the sum of $5,000, exclusive of interest, costs, and attorney's fees, except those within the exclusive jurisdiction of the circuit courts.
3. On or after July 1, 1990, of actions at law in which the matter in controversy does not exceed the sum of $10,000, exclusive of interest, costs, and attorney's fees, except those within the exclusive jurisdiction of the circuit courts.
4. On or after July 1, 1992, of actions at law in which the matter in controversy does not exceed the sum of $15,000, exclusive of interest, costs, and attorney's fees, except those within the exclusive jurisdiction of the circuit courts.
§ 34.01(1), Fla. Stat. (Supp. 1990).
[3] The statute, which originally read that circuit courts had exclusive jurisdiction in "all actions involving the title, boundaries, or right of possession of real property," was changed in 1972 to provide that circuit courts have exclusive jurisdiction in "all actions involving the title and boundaries of real property." The practical effect of the amendment is twofold: It removes from the exclusive jurisdiction of the circuit courts actions involving right of possession of real property, and it gives circuit courts exclusive jurisdiction in all actions involving the title and boundaries of real property. The plain meaning of the term "and" in the amended phrase "title and boundaries" is conjunctive, and we thus need look no further for legislative intent. Title and boundaries is a sine qua non of exclusive jurisdiction. The majority's attempt to say otherwise in footnote 1 of its opinion strikes me as an attempt to argue that when the legislature says white it really means black.
[4] Conversely, I feel that if foreclosure actions did meet the "title and boundaries" requirement of section 26.012(2)(g) then circuit courts would have exclusive jurisdiction in such matters and foreclosure claims could not be filed in county court. Both county and circuit courts would have concurrent jurisdiction in other equitable actions. I differ from the majority on this point.