PER CURIAM.
The petitioners seek review by mandamus of the circuit court’s order transferring this action for declaratory and injunctive relief to the county court. Mandamus may lie if a court erroneously declines to accept or exercise jurisdiction. See Brown v. State, 613 So.2d.569, 570 n. 1 (Fla. 2d DCA 1993) (citing State ex rel. Gaines Construction Co. v. Pearson, 154 So.2d 833 (Fla.1963)). Because the circuit court in this case has exclusive jurisdiction, we accept review and grant relief as hereinafter stated.
In this action, the petitioners sued Pinellas County in circuit court requesting both a declaration that certain county ordinances regulating adult-use businesses are invalid and an injunction against the enforcement of those ordinances. The complaint alleged that the regulations were imposed “on a business property each worth more than $15,-000.” On the circuit court’s own motion, it transferred the matter to the county court, finding the action “within the jurisdiction of that court.” The petitioners concede that the county court has the equitable jurisdiction to grant declaratory relief[1] but contend that such jurisdiction does not extend to injunc-tive relief. The respondents challenge the petitioners’ allegation of the amount in controversy.
The supreme court analyzed the issue of the county court’s jurisdiction in a construction lien foreclosure case in Alexdex Corp. v. Nachon Enterprises, Inc., 641 So.2d 858 (Fla. 1994). First, the court determined that an inconsistency existed between chapters 26 and 34 after the 1990 amendment to chapter 34. Section 26.012(2)(c) vests exclusive jurisdiction of matters in equity in the circuit courts. The later-enacted section 34.01(4), however, vests equitable jurisdiction in the *228 county court of cases within the jurisdictional amount of the county court, “except as otherwise restricted by the State Constitution or the laws of Florida.”
Having noted the inconsistency between the statutes, the court in Alexdex next looked at two sections of the constitution in determining that equity jurisdiction was not limited exclusively to the circuit courts and that a county court was not precluded from hearing matters of equity. See Alexdex, 641 So.2d at 861, citing Art. V, § 5(b)[2] and Art. V, § 6(b)[3], Fla. Const. The supreme court did not specifically mention subsections 20(c)(3) and (c)(4) in its analysis. Section 20(c)(4) provides in part that the county court shall have the “jurisdiction now exercised by the county judge’s courts other than that vested in the circuit court by section (e)(3) hereof.” Section 20(c)(3) provides in part that the circuit court shall have exclusive original jurisdiction in “all cases in equity” and “may issue injunctions.”
Article V is effective from January 1, 1973, until changed by general law consistent with sections 1 through 19 of article V. See Art. V, §§ 20(c)(j), Fla. Const. The 1990 amendment to chapter 34 constituted a change, expanding equity jurisdiction to the county courts. Blackton, Inc. v. Young, 629 So.2d 938, 940 (Fla. 5th DCA 1993), remand granted, 643 So.2d 1077 (Fla.1994). The reference that circuit courts “may issue injunctions” does not prohibit the county court from granting injunctive relief. Thus, pursuant to the reasoning of Alexdex, the constitution does not limit jurisdiction to the circuit courts to issue an injunction.
The circuit court’s exclusive jurisdiction is invoked by a good faith allegation that the amount in controversy is within the jurisdictional amount. See Allen v. State, 463 So.2d 351, 360 n. 7 (Fla. 1st DCA 1985). Where an action for declaratory and injunc-tive relief does not reach the threshold jurisdictional amount of the circuit court, a plaintiff may choose either court, each court having concurrent jurisdiction. See Alexdex, 641 So.2d at 858, 862 (circuit and county courts have concurrent jurisdiction of equitable matters falling within the jurisdictional amount of the county court). If the plaintiff alleges an amount in controversy exceeding the county court’s jurisdiction, however, the action lies in circuit court.
The petitioners have alleged an amount in controversy exceeding the county court’s jurisdictional limit of $15,000.[4] Thus, the circuit court should not have transferred this matter, solely within its jurisdiction, to the county court. With confidence that the circuit court will vacate its order of transfer and hear this cause, we withhold issuing the writ of mandamus.[5]
Petition granted.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.

. See § 86.011, Fla.Stat. (1993); Spradley v. Doe, 612 So.2d 722 (Fla. 1st DCA 1993).

. JURISDICTION. — The circuit courts shall have original jurisdiction not vested in county courts, and jurisdiction of appeals when provided by general law....

. JURISDICTION. — The county courts shall exercise the jurisdiction prescribed by general law....

. We note that federal diversity cases involving a request for an injunction establish the amount in controversy as the value of the right sought to be protected by the equitable relief. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (amount determined as value of right to be free of the particular regulation, not entire value of the business).

.See Pino v. District Court of Appeal, Third District, 604 So.2d 1232 (Fla.1992).