# Supreme Court of Florida

_____

No. SC19-1354
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE, FLORIDA SMALL CLAIMS RULES, AND FLORIDA RULES OF APPELLATE PROCEDURE—JURISDICTION.**

August 13, 2020

PER CURIAM.

The Court has for consideration comments on the amendments to Florida Rule of Civil Procedure Form 1.997 (Civil Cover Sheet) previously adopted in this case and the Civil Procedure Rule Committee's (Committee) response to the comments and suggested additional amendments to the civil cover sheet form and instructions. The Court has jurisdiction[1] and further amends the civil cover sheet form and instructions as suggested by the Committee.

## Background

As relevant here, in the November 14, 2019, opinion in this case, the Court amended the civil cover sheet form and instructions to (1) collect information on

_____

1. Art. V, § 2(a), Fla. Const.

the amount in controversy in civil circuit and non-small-claims county court cases to be used to evaluate the need for future adjustments to the county court jurisdictional limit, and (2) implement statutory changes that increased the county court jurisdictional limit to $30,000 effective January 1, 2020, and require the Office of the State Courts Administrator (OSCA) to include the claim value of county court and circuit court filings in the reports making county court jurisdiction adjustment recommendations that OSCA must submit to various officials by February 1, 2021.[2]  *See In re Amends. to Fla. Rules of Civ. Pro., Fla. Small Claims Rules, & Fla. Rules of App. Pro.—Jurisdiction*, 283 So. 3d 802, 803-04 (Fla. Nov. 14, 2019).  The Court modified the Committee's proposed amendments to remove "Real property/Mortgage foreclosure" from the "County Civil" case types listed under section III (Type of Case) in the form and instructions.  *Id.* at 803.  Because the amendments were not published prior to their adoption, the Court published the amendments for comment.  *Id.* at 803-04.

Seven comments and one supplemental comment have been filed.  One of the comments was filed by the Committee questioning the Court's removal of "Real property/Mortgage foreclosure" from the County Civil case types.  *See Alexdex Corp. v. Nachon Enterprises, Inc.*, 641 So. 2d 858 (Fla. 1994) (holding

---

2.  *See* ch. 2019-58, § 9, Laws of Fla. (amending § 34.01, Fla. Stat. (2018)).

that circuit courts and county courts within the county courts' statutory monetary jurisdictional limit have concurrent jurisdiction over matters of equity, including foreclosure actions).  One of the comments urges the Court to further amend the civil cover sheet form to "distinguish between residential and non-residential evictions" in County Civil case types in order to make that data available to those studying residential evictions.  The remainder of comments primarily contend that (1) new section II (Amount of Claim) of the form, which asks for the estimated dollar amount of the claim, is inconsistent with section 768.042(1), Florida Statutes (2019), which prohibits the amount of general damages sought from being stated in a complaint in a personal injury or wrongful death action, and (2) the specific estimated dollar claim amount provided in the cover sheet could be used by the opposing party in the case for tactical reasons.

In its response to the comments, the Committee offers several amendments to the civil cover sheet form and instructions to address the various issues raised in the comments.  According to the response, the Committee gave the commenters in this case and several other entities[3] the opportunity to provide feedback on the suggested amendments; but no feedback was offered.  The Executive Committee

3. The Committee sought feedback from the Appellate Court Rules Committee, the Small Claims Rules Committee, the Florida Courts Technology Commission, OSCA, the E-Filing Portal Authority Board, the Conference of Circuit Court Judges, and the Conference of County Court Judges.

of the Board of Governors of The Florida Bar unanimously approved the suggested amendments.

After reviewing the comments and the Committee's response, and determining that the suggested amendments adequately resolve the issues raised in the comments, the Court further amends the civil cover sheet form and instructions as suggested by the Committee.

**Amendments**

First, the Court amends section II (Amount of Claim) of the form to replace the dollar sign and space where the estimated dollar amount of the claim is to be inserted with six claim amount range options, from "$8,000 or less" to "over $100,000.00." Two new sentences also are added to section II of the form explaining that "The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose." Similar explanatory language is added to the instructions to section II of the form.

Next, the Court adds "Real property/Mortgage foreclosure" to the County Civil case types in section III (Type of Case) in the form and instructions. The new instruction, lettered (AO), explains that the "Real property/Mortgage foreclosure" case type includes "all matters involving claims up to $30,000 relating to the possession, title, or boundaries of real property" and '[a]ll matters involving

- 4 -

foreclosures or sales of real property up to $30,000, including foreclosures associated with condominium associations or condominium units." The County Civil case types instructions currently lettered (AO) through (AQ) are relettered (AP) through (AR), respectively. Finally, section III of the form is further amended to add "Residential Evictions" and "Non-residential Evictions," as subcategories of the "Evictions" County Civil case type.

Accordingly, the Florida Rules of Civil Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure, Florida Rules of Small Claims, and Florida Rules of Appellate Procedure – Jurisdiction

Ceci Culpepper Berman, Chair, Tampa, Florida, and Ardith Michelle Bronson, Past Chair, Civil Procedure Rules Committee, Miami, Florida; Hon. Olga Maria Gonzalez-Levine, Chair, Plantation, Florida, and Maureen B. Walsh, Past Chair, Small Claims Rules Committee, Jacksonville, Florida; Hon. Stephanie Williams Ray, Chair, and Thomas D. Hall, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, Mikalla Andies Davis and Krys Godwin, Staff Liaisons, The Florida Bar, Tallahassee, Florida,

for Petitioners

G.C. Murray II, Chair, Code and Rules of Evidence Committee, Florida Justice Association, Tallahassee, Florida; William T. Cotterall and Andrew A. Harris of Burlington & Rockenbach, P.A., on behalf of Florida Justice Association, Inc., Tallahassee, Florida, and Palm Beach County Justice Association, West Palm Beach, Florida; Alexander M. Clem, Andrew Parker Felix, and Steven E. Nauman, Morgan & Morgan, P.A., Orlando, Florida; John Wayne Hogan, Jacksonville, Florida; Ceci Culpepper Berman, Chair, Tampa, Florida, and Ardith Michelle Bronson, Past Chair, Civil Procedure Rules Committee, Miami, Florida; Thomas S. Edwards, Jr. of Edwards & Ragatz, P.A., Jacksonville, Florida; Jeffrey M. Hearne, Legal Services of Greater Miami, Inc., Tenants' Rights Clinic, Miami, Florida, and Natalie N. Maxwell of Three Rivers Legal Services, on behalf of Housing Umbrella Group, Gainesville, Florida,

Responding with comments

# APPENDIX

**FORM 1.997.**     **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

(Name of Court)_____.

Plaintiff _____          Case # _____

_____          Judge _____

vs.

Defendant_____

_____

**II.     AMOUNT OF CLAIM**
**Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose. $_____**

_____$8,000 or less
_____$8,001 - $30,000
_____$30,001- $50,000
_____$50,001- $75,000
_____$75,001 - $100,000
_____over $100,000.00

**III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

_____ Condominium
_____ Contracts and indebtedness
_____ Eminent domain
_____ Auto negligence
_____ Negligence—other
       _____ Business governance
       _____ Business torts
       _____ Environmental/Toxic tort
       _____ Third party indemnification
       _____ Construction defect
       _____ Mass tort
       _____ Negligent security
       _____ Nursing home negligence
       _____ Premises liability—commercial
       _____ Premises liability—residential
_____ Products liability
_____ Real property/Mortgage foreclosure

       _____ Commercial foreclosure

       _____ Homestead residential foreclosure

       _____ Non-homestead residential foreclosure

       _____ Other real property actions

_____ Professional malpractice
       _____ Malpractice—business
       _____ Malpractice—medical
       _____ Malpractice—other professional
_____ Other
       _____ Antitrust/Trade regulation
       _____ Business transactions
       _____ Constitutional challenge—statute or ordinance
       _____ Constitutional challenge—proposed amendment
       _____ Corporate trusts
       _____ Discrimination—employment or other
       _____ Insurance claims
       _____ Intellectual property
       _____ Libel/Slander
       _____ Shareholder derivative action
       _____ Securities litigation
       _____ Trade secrets
       _____ Trust litigation

**COUNTY CIVIL**

_____ Civil
_____ Real property/Mortgage foreclosure
_____ Replevins
_____ Evictions
_____ Residential Evictions
_____ Non-residential Evictions
_____ Other civil (non-monetary)

**IV.    REMEDIES SOUGHT** (check all that apply):
_____ Monetary;
_____ Nonmonetary declaratory or injunctive relief;
_____ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify) _____
_____

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
_____ yes
_____ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
_____ no
___ yes If "yes," list all related cases by name, case number, and court._____
_____
_____
_____

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
_____ yes
_____ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _____ Fla. Bar # _____
            Attorney or party                                    (Bar # if attorney)

_____
(type or print name)                          Date

**FORM 1.997.      INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET**

Plaintiff must file this cover sheet with the first document filed in the action or proceeding (except small claims cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.      Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.      Amount of Claim.** Enter the estimated amount of the claim, rounded to the nearest dollar.  The estimated amount of the claim is requested for data collection and clerical processing purposes only ~~and is not considered dispositive of the claim~~. <u>The amount of the claim shall not be used for any other purpose.</u>

**III.      Type of Case.** Place an "X" on the appropriate line. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" on the category and subcategory lines. Definitions of the cases are provided below in the order they appear on the form.

**Circuit Civil**

(A)      Condominium—all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.

(B)      Contracts and indebtedness—all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.

(C)      Eminent domain—all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.

(D)      Auto negligence—all matters arising out of a party's allegedly negligent operation of a motor vehicle.

(E)      Negligence—other—all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.

(F)      Business governance—all matters relating to the management, administration, or control of a company.

- 10 -

(G)     Business torts—all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H)     Environmental/Toxic tort—all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.

(I)      Third party indemnification—all matters relating to liability transferred to a third party in a financial relationship.

(J)      Construction defect—all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.

(K)     Mass tort—all matters relating to a civil action involving numerous plaintiffs against one or more defendants.

(L)     Negligent security—all matters involving injury to a person or property allegedly resulting from insufficient security.

(M)    Nursing home negligence—all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.

(N)     Premises liability—commercial—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.

(O)     Premises liability—residential—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.

(P)     Products liability—all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.

(Q)     Real property/Mortgage foreclosure—all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units. (The amount of claim specified in Section II. of the form determines the filing fee pursuant to section 28.241, Florida Statutes.)

(R)     Commercial foreclosure—all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property.

(S)     Homestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption.

(T)     Nonhomestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption.

(U)     Other real property actions—all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure.

(V)     Professional malpractice—all professional malpractice lawsuits.

(W) Malpractice—business—all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X)     Malpractice—medical—all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y)     Malpractice—other professional—all matters relating to negligence of those other than medical or business professionals.

(Z)     Other—all civil matters not included in other categories.

(AA)    Antitrust/Trade regulation—all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB)    Business transactions—all matters relating to actions that affect financial or economic interests.

(AC)    Constitutional challenge—statute or ordinance—a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD)    Constitutional challenge—proposed amendment—a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.

(AE)    Corporate trusts—all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF)    Discrimination—employment or other—all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG)    Insurance claims—all matters relating to claims filed with an insurance company.

(AH)   Intellectual property—all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI)   Libel/Slander—all matters relating to written, visual, oral, or aural defamation of character.

(AJ)   Shareholder derivative action—all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK)   Securities litigation—all matters relating to the financial interest or instruments of a company or corporation.

(AL)   Trade secrets—all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM)   Trust litigation—all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

**County Civil**

(AN)   Civil – all matters involving claims ranging from $8,001 through $30,000 in damages, exclusive of interest, costs, and attorney fees.

(AO)   <u>Real property/Mortgage foreclosure—all matters involving claims up to $30,000 relating to the possession, title, or boundaries of real property.  All matters involving foreclosures or sales of real property up to $30,000, including foreclosures associated with condominium associations or condominium units.</u>

(AP)   Replevins—all lawsuits pursuant to Chapter 78, Florida Statutes, involving claims up to $30,000.

(A<s>P</s><u>Q</u>)   Evictions—all matters involving the recovery of possession of leased land or rental property by process of law.

(A<s>Q</s><u>R</u>)   Other civil (non-monetary)—includes all other non-monetary county civil matters that were not described in other county civil categories.

**IV.    Remedies Sought**. Place an "X" on the appropriate line.  If more than one remedy is sought in the complaint or petition, check all that apply.

**V.    Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.

**VI.    Class Action.** Place an "X" on the appropriate line.

**VII.    Related Cases.** Place an "X" on the appropriate line.

**VIII.   Is Jury Trial Demanded In Complaint?** Check the appropriate line to indicate whether a jury trial is being demanded in the complaint.

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet.  Print legibly the name of the person signing the civil cover sheet.  Attorneys must include a Florida Bar number.  Insert the date the civil cover sheet is signed.  Signature is a certification that the filer has provided accurate information on the civil cover sheet, **and has read and complied with the requirements of Florida Rule of Judicial Administration 2.425.**