A. S. SKINNER, *Appellant,* v. J. L. MOORE, *Appellee.*

Opinion Filed November 5, 1923.

1. Neither Section 3421, Revised General Statutes, regulating proceedings to dissolve attachments at law, nor Section 3422, Revised General Statutes, defining the effect of the dissolution of an attachment at law, is applicable to attachments in aid of foreclosures on personal property authorized by Section 3405, Revised General Statutes.

2. The dismissal of a bill to foreclose a mortgage on personal property, which alleges the maturity of the indebtedness secured by the mortgage and default in its payment, upon the dissolution of an attachment in aid of the foreclosure, and no other reason for the order of dismissal appearing in the record, is error.

This case was decided by Division B.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*E. R. Dickenson,* for Appellant;

*Jackson & Dupree,* for Appellee.

WEST, J.—This is a suit in chancery to foreclose a mortgage on personal property given to secure the payment of promissory notes, commenced by the filing of a bill of complaint in the usual form. There was an attachment of the mortgaged property under the statute authorizing it in aid of foreclosure. The defendant, appearing specially for that purpose, filed an affidavit traversing the

allegations of the affidavit in attachment, by which he denied specifically the existence of each of the alleged grounds of the attachment. There was no denial of the debt or of its maturity and default in payment by defendant. The affidavit of defendant was prefaced by a motion to dissolve the attachment. Upon a hearing of this motion evidence was taken on the issue made by the traverse of complainant's affidavit in attachment. Defendant cross-examined witnesses of complainant but offered no evidence. On the evidence submitted the court dissolved the attachment and, on the theory, apparently. that the motion to dissolve was made "before appearance," dismissed the bill. On appeal the rulings dissolving the attachment and dismissing the bill are assigned as error.

In Weston v. Jones, 41 Fla. 188, 25 South. Rep. 888, there is a review of the history of the legislation on this subject and an analysis of existing statutes relating to it. The proceeding on the motion to dissolve the attachment is in accord with that authority, and the ruling dissolving the attachment being a decision of the chancellor upon a question of fact, we are not disposed to disturb it.

But in dismissing the bill there is error.

In Weston v. Jones, supra, the court held that the attachment, as an equitable writ, in aid of the foreclosure of a mortgage on personal property authorized by statute, was not subject to dissolution under the provisions of section 1656, Revised Statutes. That section is section 3421, Revised General Statutes. It was compiled from section 5 of the Act of February 15, 1834. The statute upon which the court acted in dismissing the bill upon a dissolution of the attachment is section 3422, Revised General Statutes. It was compiled from section 7 of the Act of February 15, 1834. It defined the effect of a dissolution of the attachment proceeding under section 5 of the Act. It seems

clear that if section 5 of the original statute, now section 3421, Revised General Statutes, prescribing the procedure to dissolve an attachment, is not applicable in case of an attachment in aid of the foreclosure of a mortgage on personal property, it would follow that the provisions of section 7, now section 3422, Revised General Statutes, prescribing the effect of the dissolution of an attachment upon the suit, is inapplicable to such a case.

The bill of complaint alleges the giving of the promissory notes by defendant to complainant, the execution of the mortgage sought to be foreclosed to secure their payment, maturity of the indebtedness and default in its payment. The mortgage was therefore foreclosable when the suit was instituted.

For the error in dismissing the bill the order appealed from is reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.