A. R. GOLDSTEIN and THE TROPICAL ROOFING & SUPPLY COMPANY, *Plaintiffs in Error*, vs. THE MIAMI WRECKING & SALVAGE COMPANY, *Defendant in Error*.

137 So. 283.

Division A.

Opinion filed October 16, 1931.

Petition for rehearing denied December 2, 1931.

*Aranovitz & Goldstein,* for Plaintiffs in Error;
*A. Melrose Lamar,* for Defendant in Error.

BUFORD, C.J.—The Miami Wrecking & Salvage Company instituted suit in the Circuit Court of Palm Beach County in replevin against A. R. Goldstein and The Tropical Roofing & Supply Company, a corporation. The value of the property replevied was $478.44.

The plaintiff's declaration claims return of the goods, or their value, and $100.00 for their wrongful detention. The verdict was as follows:

"We, the jury, find for the plaintiff, and find that he is the owner of and entitled to the possession immediately of the property described in the declaration, to-wit:

10 drums roofing asphalt
50 rolls green slate, without fixtures, Texaco Brand
50 rolls red slate, without fixtures, Texaco Brand
25 rolls green slate, with fixtures, Texaco Brand
25 rolls red slate, with fixtures, Texaco Brand

30 rolls, 15 lb. rag felt, Texaco Brand
30 rolls 30 lb. rag felt, Texaco Brand.

We also find the value of the said property to be $478.44. We also find that the plaintiff is entitled to the sum of $57.00 for the unlawful detention of said property. We also find that the said property was redelivered to the defendants upon their forthcoming bond, the sureties upon which are *SAM SABLE* and *O. P. GRUNER.*

So Say We All.''

The only question presented here is whether or not jurisdiction of this cause was in the Circuit Court. The plaintiff in error contends that it was not because the value of the property was less than $500.00 and claim here sought to be enforced was for the value of the property in the sum of $478.44 and $100.00 for its unlawful detention.

In Simmons vs. Williford, 60 Fla. 359, 53 Sou. 452, it was held:

''At common law an unlawful taking was essential to replevin; but under the statute an action of replevin lies to recover possession of personal chattels that are unlawfully detained and also damages for the detention.''

Section 11 of Article V of the Constitution of Florida provides that, ''The Circuit Courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts'', etc.

Section 18 of Article V of the Constitution provides:

''The Legislature may organize in such counties as it may think proper, County Courts which shall have jurisdiction of all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars.''

This language of the Constitution is not equivalent to saying that county courts ''shall have jurisdiction of all causes at law in which the demand *and* value of the property involved shall be less than $500.00''. Under this provision of the Constitution, if either the demand or the value of the property involved where specific property is sought to be recovered does not exceed $500.00 the county court has jurisdiction.

This construction is evidenced by section 3478 R. G. S. 5331 C. G. L., which is as follows:

"The action shall be brought in the court in the county or justice's district where the property is, which shall have jurisdiction of the value of the articles sought to be replevied, as set forth in the affidavit hereinafter provided for.

When property consists of separate articles, any one of which may in value be within the jurisdiction of a justice of the peace, but taken together will exceed that jurisdiction, the plaintiff shall not, for the purpose of giving jurisdiction to a justice of the peace, divide and separate said property to enable him to bring separate actions therefor."

Turning to section 3480 R. G. S., 5333 C. G. L., we find that the statute provides that actions of replevin shall be commenced by writ and summons and before they shall issue the plaintiff, or some competent person in his behalf, shall make and file in the court an affidavit and bond as required by statute. The succeeding provision of the statute provides that the affidavit shall state that the plaintiff is lawfully entitled to the possession of the property and the property shall be described and the affidavit shall state its true value. The next succeeding section provides that the bond shall be payable to the defendant with at least two good and sufficient sureties to be approved by the officer issuing the writ in at least double the sworn value of the property to be replevied.

It appears conclusively, therefore, that the affidavit in replevin fixes the value of the property. That jurisdiction depends upon the value of the property involved is fixed by the above quoted provision from section 18, Article V of the Constitution.

In 23 R. C. L. 856, it is said:

"Where the replevin is of property distrained for rent, the amount for which avowry is made is the real matter in dispute. The damages are merely nominal. If the writ is issued as a means of trying the title to property the value of the article replevied is the matter in dis-

pute. As value is only a question of estimation, varying as the individual judgments of men may differ, the valuation fixed by the pleadings or by the affidavit is primarily accepted as true; and the jurisdiction of the court thus fixed can only be defeated by showing that a false valuation of the property was made for the purpose of conferring jurisdiction.''

In 54 C. J. 466, it is said:

''Upon suing out a writ of replevin, or instituting a claim and delivery proceeding plaintiff is required under various statutes to furnish an affidavit. Where immediate possession of the property is demanded, the affidavit required by statute is an essential prerequisite to the order for delivery or the issue or execution of the writ as the statute may provide, and although failure to comply with the requirement has been held to be merely an irregularity in procuring and issuing jurisdiction of such possessory actions upon inferior courts, the affidavit is held to be the basis of the suit without which there is no jurisdiction; and in such case an oath before the magistrate will not suffice to take the place of the prescribed affidavit or oath or affirmation reduced to writing. Where an affidavit before execution but not before issue of the writ is contemplated by the statute, jurisdiction to issue the writ does not depend upon the affidavit but it must be made and annexed to the writ before it is executed.

And, on page 473 of the same volume, it is said:

''Although statutes requiring such averment must be complied with, when the statutes does not, in terms, require the affidavit to state the value of the property, and the jurisdiction of the court does not depend upon value, it need not be stated. It is otherwise, however, as to inferior courts whose jurisdiction is limited by the amount or value of property in controversy, as in the case of justices of the peace, or when such a showing is required by the statute as a condition to the exercise of jurisdiction, notwithstanding such averment has been omitted from a form prescribed by the same statute. Even where the statute does not specifically require such fact to be shown by affidavit the jurisdiction of the justice which is made to depend upon the value of the property should be shown by the affidavit.''

These enunciations are supported by the opinions and judgments in the cases of Rice vs. Travis, 216 Ill. 249, 74 N. E. 801; Bloomingdale vs. Chittenden, 75 Mich. 305, 42 N. W. 638; Commercial State Bank vs. Ketcham, 46 Neb. 568, 65 N. W. 201 and Detroit Safe Co. vs. Kelly, 78 Wis. 134, 47 N. W. 187.

It will be observed that declaration is not required to be filled in a replevin suit until the rule day which is the return day of the writ of replevin. In the case now before us the writ issued out of the circuit court described the property sought to be replevied and fixed the total value thereof at $478.44 and directed the officer to summon A. R. Goldstein and the Tropical Roofing & Supply Co., said defendant, to be and appear before said court on the 4th day of February, 1929, same being the first day of the next term of the said court, to answer the plaintiff in the premises.

It is apparent that if Goldstein, the defendant, had appeared immediately in the circuit court and moved to quash the writ because it showed upon its face that the value of the property involved was less than $500.00 and, therefore, the cause was not within the jurisdiction of the circuit court, the motion to quash must have been granted.

Our constitution does not prohibit the entry of a judgment in a replevin suit in a county court for more than $500.00 and inasmuch as the constitution provides that the county court shall have jurisdiction of all cases where the value of the property involved does not exceed the sum of $500.00 there appears to be no valid reason why in a replevin suit in a county court a judgment may not be entered for the value of the property involved not exceeding $500.00 and in addition thereto for the amount found to be due from the defendant to the plaintiff for the unlawful detention of such property, our statutes having provided that the plaintiff may recover such damages in the action of replevin. Sec. 3493 R. G. S., 5346 C. G. L.

Where the plaintiff prevails in a replevin suit he is in effect entitled to two judgments if the property has been retaken under bond by the defendant. He is entitled to judgment for the return of the goods, or the value thereof, and he is also entitled to a judgment for damages sustained by reason of the unlawful detention of the goods.

To hold otherwise than is herein stated would require that we hold section 3478 R. G. S., 5331 C. G. L., to be in violation of organic law and void. There is no conflict between this section and the controlling provision of the constitution above quoted, as we construe the same. We must, therefore, hold that the circuit court was without jurisdiction to entertain the replevin suit here under consideration. Therefore, the judgment should be reversed with directions that the suit be dismissed. It is so ordered.

Reversed.

ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.