497 So.2d 1316 (1986)
Waadew AYSISAYH Appellant,
v.
C.W. ELLIS, Florida State Prison, et al., Appellees.
No. BM-365.
District Court of Appeal of Florida, First District.
November 25, 1986.
Waadew Aysisayh, pro se.
Jim Smith, Atty. Gen., Robert G. Parsons, Asst. Atty. Gen., for appellees.
MILLS, Judge.
Aysisayh appeals from the dismissal of his replevin complaint against appellees on the ground that the alleged value of the property to be replevied was below the amount required for circuit court jurisdiction. We reverse and remand for entry of an order transferring the action to the county court pursuant to Rule 1.060(a), Fla. R.Civ.P.
Aysisayh's pro se replevin complaint alleged that he was entitled to the return of personal property valued at $3,100; the complaint also sought damages for emotional distress in the amount of $50,000. The trial court entered its order dismissing the complaint in that $3,100 was "not within the jurisdictional limits of the circuit court." Aysisayh's motion for rehearing, alleging that the $50,000 damages claim placed the case within the circuit court's jurisdiction, was denied without comment.
Section 34.01(1)(c)2, Florida Statutes (1985), provides that "county courts shall have original jurisdiction as to causes of action accruing on or after July 1, 1980, of all actions at law in which the matter in controversy does not exceed the sum of $5,000... ." Section 26.012(2)(c) states that "[circuit courts] shall have original jurisdiction in all actions at law not cognizable by the county courts... ." Section 78.03 establishes venue and jurisdiction requirements for replevin actions, and states that "[t]he action shall be brought in the court in the county where the property is which has jurisdiction of the value of the property sought to be replevied" (emphasis supplied).
This language makes it clear that jurisdiction over the replevin of property valued in the complaint at $3,100 would lie in the county rather than the circuit court; *1317 that additional damages of $50,000 are sought as well does not affect the "value of the property sought to be replevied." Further, the Florida Supreme Court held long ago that
there appears to be no valid reason why, in a replevin suit in a county court, a judgment may not be entered for the value of the property involved not exceeding [the jurisdictional amount] and, in addition thereto, for the amount found to be due from the defendant to the plaintiff for the unlawful detention of such property; our statutes having provided that the plaintiff may recover such damages in the action of replevin.
Goldstein v. Miami Wrecking & Salvage Co., 103 Fla. 149, 137 So. 283, 286 (1931). Section 78.01 provides that "[a]ny person whose personal property is wrongfully detained ... may have a writ of replevin to recover said personal property and any damages sustained by reason of the wrongful ... detention ..." (emphasis supplied). Therefore, Aysisayh's inclusion of a claim for damages exceeding the jurisdictional amount of the county court, met by the allegation of property value less than $5,000, does not operate to place the case within the jurisdiction of the circuit court.
Rule 1.060(a), Fla.R.Civ.P., provides that "[i]f it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within said county," using the method outlined in Rule 1.170(j) for the transfer of actions with counterclaims or crossclaims exceeding the jurisdiction of the court. Rule 1.170(j) provides, in pertinent part, that "[t]he court shall order the transfer of the action and the transmittal of all papers in it to the proper court if the party ... deposits with the court having jurisdiction a sum sufficient to pay the clerk's service charge in the court to which the action is transferred... ." Rule 1.060(c) further provides that "[t]he service charge of the clerk of the court to which an action is transferred under this rule shall be paid by the party who commenced the action within 30 days from the date the order of transfer is entered... ."
It is true that Rule 1.060(a) does not require the trial court to transfer to the proper court an action pending in the wrong court. However, it has been held, and we agree, that a better alternative to dismissal in the event that alleged damages are below the jurisdictional amount for the circuit court is a transfer of that action to the county court. See Osborne v. Delta Maintenance and Welding, Inc., 365 So.2d 425, 427 (Fla. 2d DCA 1978). The order of dismissal herein is therefore reversed, and the case remanded with directions to transfer it to the county court. Because Aysisayh has been found indigent by the circuit court and therefore "entitled to receive the services of the courts ... and clerks of this state with respect to [this] proceeding without charge," the service charge of the clerk of the county court required by Rule 1.060(c) need not be paid upon the transfer of the case.
Reversed and remanded with directions.
SHIVERS and JOANOS, JJ., concur.