612 So.2d 722 (1993)
Glenn SPRADLEY, Appellant,
v.
John DOE, Mail Recipient, of the Secretary of the Department of Corrections; and Kenneth Snover, Grievance Administrator, Appellees.
No. 91-3065.
District Court of Appeal of Florida, First District.
February 1, 1993.
*723 Glenn Spradley, pro se.
Robert A. Butterworth, Atty. Gen., Susan P. Stephens, Asst. Atty. Gen., Herschel C. Minnis, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Glenn Spradley, appeals from an order dismissing his civil rights complaint filed against appellees, contending, among other things, that the circuit court lacked subject matter jurisdiction to consider the case. We agree and therefore reverse and remand for entry of an order transferring the cause to the county court pursuant to Florida Rule of Civil Procedure 1.060(a).
Appellant's complaint, filed on June 28, 1991, was styled for county court, and appellant alleged that the jurisdictional amount was less than $5,000. The relief sought included a request for declaratory judgment, which is an equitable matter,[1] and nominal, compensatory, and punitive damages in the sum of $950.
In Florida, matters in equity have historically been heard only in circuit courts. Section 26.012(2)(c), Florida Statutes (1989), provides that circuit courts "shall have exclusive original jurisdiction * * *... [i]n all cases in equity." (Emphasis added.) Effective October 1, 1990, however, the legislature amended Section 34.01, Florida Statutes, relating to county court jurisdiction, to allow county court judges to "hear all matters in equity involved in any case within the jurisdictional amount of the county court, except as otherwise restricted by the State Constitution or the laws of Florida." (Emphasis added.) § 34.01(4), Fla. Stat. (Supp. 1990); Ch. 90-269, § 1, at 1973, Laws of Fla. At the same time, the legislature also amended Section 86.011, Florida Statutes, pertaining to trial court jurisdiction over declaratory judgment suits, conferring jurisdiction on county courts in matters in equity within their jurisdictional amounts. § 86.011, Fla. Stat. (Supp. 1990); Ch. 90-269, § 3, at 1973-74, Laws of Fla.
Unfortunately, the legislature failed to amend section 26.012 by deleting the provisions therein, which stated that the circuit courts have exclusive equitable jurisdiction. Thus, because the grant of equity jurisdiction to county courts in section 34.01(4) is restricted by section 26.012(2)(c), vesting equitable matters exclusively in the circuit courts, an irreconcilable inconsistency exists between the two statutes.
Under circumstances in which statutory provisions are inconsistent and cannot be harmonized, a court must reach a construction that will give effect to the purpose of the statute and the legislative intent. 49 Fla.Jur.2d Statutes § 181 (1984). One important maxim of statutory construction is that the last expression of the legislature prevails. See State v. Parsons, 569 So.2d 437, 438 (Fla. 1990); Askew v. Schuster, 331 So.2d 297, 300 (Fla. 1976); *724 Peterson v. Department of Envtl. Reg., 350 So.2d 544, 545 (Fla. 1st DCA 1977); City of Jacksonville Beach v. Albury, 291 So.2d 82, 89 (Fla. 1st DCA 1973), decision aff'd, cert. denied, 295 So.2d 297 (Fla. 1974); Cable-Vision, Inc. v. Freeman, 324 So.2d 149, 152 (Fla. 3d DCA), appeal dismissed, 336 So.2d 1180 (Fla. 1976), and appeal denied, 429 U.S. 1032, 97 S.Ct. 723, 50 L.Ed.2d 743 (1977).
The clear intent of the legislature was to expand county court jurisdiction over certain specified equitable matters. This intent is reflected not only by the express language employed in section 34.01(4), but as well by the title to Chapter 90-269, Laws of Florida,[2] and the amendment to section 86.011. Section 34.01(4) is clearly consistent with the expressed legislative purpose, and, because it is the last expression of legislative will,[3] it should prevail. We therefore construe section 34.01(4) as granting equitable jurisdiction to county courts over matters within those courts' jurisdictional amounts, despite the existence of the patent inconsistency in section 26.012(2)(c).
Appellant also correctly contends that the circuit court lacked jurisdiction based upon the amount in controversy. Circuit courts have jurisdiction over "actions at law not cognizable by the county courts." § 26.012(2)(a), Fla. Stat. (1989). When the legislature amended section 34.01 to allow the county courts to hear matters in equity, it also amended the statute by increasing the jurisdictional amount of county courts to $10,000 in actions accruing after July 1, 1990, but before July 1, 1992. § 34.01(1)(c)(3), Fla. Stat. (Supp. 1990); Ch. 90-269, § 1, at 1972, Laws of Fla. As the cause of action in appellant's complaint accrued after the effective date of the above amendments, and because the amount in controversy is less than $10,000, the county court, not the circuit court, has jurisdiction over appellant's claims.
To summarize, in that appellant's claim is one that must be heard in county court based upon the amount in controversy and the relief requested, we conclude that the circuit court lacked subject matter jurisdiction to consider it. The case should therefore be transferred to county court. See Aysisayh v. Ellis, 497 So.2d 1316 (Fla. 1st DCA 1986). Due to our disposition of the jurisdictional issue, it is unnecessary to consider the remaining issues raised by appellant.
REVERSED and REMANDED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] 19 Fla.Jur.2d Declaratory Judgments § 5 (1980).
[2] The title to chapter 90-269 states the act provides "that a county court may hear all matters in equity that are within jurisdictional amount."
[3] Although section 26.012 has been amended since the October 1, 1990 amendment to section 34.01, such amendment merely increased circuit court jurisdiction to include denials of refunds in tax assessment cases. Ch. 91-112, § 5, at 1134, Laws of Fla. As such, the amendment to section 26.012 in no way impacts upon the county courts' jurisdiction, as provided in section 34.01.