670 So.2d 138 (1996)
Marie L. JORDAN and John W. Jordan, Appellants,
v.
FOOD LION, INC., Appellee.
No. 95-463.
District Court of Appeal of Florida, First District.
March 20, 1996.
Paul S. Boone, Jacksonville, for Appellants.
E.T. Fernandez, III, of Inman & Fernandez, P.A., Jacksonville, for Appellee.
*139 JOANOS, Judge.
Marie L. Jordan and John W. Jordan, appellants, seek review of an order of the trial court denying an award of attorney's fees in connection with their motion to enforce their demand for judgment against Food Lion, Inc., appellee. Appellants were the plaintiffs in a premises liability action. The issue presented is whether the trial court erred in its construction of section 768.79, Florida Statutes (Supp.1990), to deny an award of attorney's fees to appellants. We conclude the trial court misconstrued the statute, and reverse the order denying attorney's fees and costs.
On July 2, 1994, appellants/plaintiffs served appellee/defendant with a demand for judgment in the amount of $50,000.00, pursuant to the "offer of judgment and demand for judgment" provisions of section 768.79, Florida Statutes (Supp.1990). Appellee/defendant did not respond to the demand for judgment, and the cause proceeded to trial before a jury. On September 29, 1994, the jury rendered a verdict in the amount of $62,500.00 in favor of appellant/plaintiff Marie L. Jordan, and found her free of all negligence. The jury returned a zero verdict for John W. Jordan on his claim for loss of consortium. On September 30, 1994, the trial court entered final judgment in favor of appellant/plaintiff Marie L. Jordan in the amount of $62,500.00.
On September 30, 1994, appellants filed the original demand for judgment for attorney's fees and costs. On October 5, 1994, appellants filed a motion to enforce that demand, on grounds that appellee/defendant did not accept their original demand for judgment within thirty days of service; appellants obtained a verdict against appellee in the amount of $62,500.00 which was reduced to final judgment on September 30, 1994; and the final judgment is twenty-five percent greater than the demand, thereby entitling appellants to attorney's fees and reasonable costs, including investigative expenses.
Thereafter, an evidentiary hearing was held on the motion. At the hearing, the trial court received evidence including expert testimony pertaining to the reasonableness of the hours expended by appellants' counsel and the calculation of a reasonable attorney's fee. Appellee's counsel argued that under the statute, entitlement to attorney's fees does not begin to run until the offer is actually filed with the court. Since appellants in this case actually filed their offer with the court the day after the jury returned its verdict, appellee's counsel argued that no attorney's fees or costs had accrued from the time of filing.
The denial of attorney's fees with respect to appellants' motion to enforce demand for judgment was premised solely on the trial court's determination that entitlement to an award of attorney's fees commenced in this case on September 30, 1994, the date appellants/plaintiffs filed their offer of judgment. The order denying attorney's fees did not address the good faith of the offer, and did not determine the reasonableness of the amount of the fees claimed.
The following provisions of section 768.79, Florida Statutes (Supp.1990), are applicable to resolution of this cause:
(1) ... If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand....
. . . .
(3) The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.
. . . .
(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
. . . .
(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative *140 expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.
The quoted provisions demonstrate the internal inconsistency of the statute. Subsection (1) refers to entitlement to reasonable attorney's fees and costs from the date of the filing of the offer; subsection (3) states the offer shall not be filed unless it is accepted or filing is necessary to enforce the provisions of the statute; and subsection (6) states that attorney's fees are to be imposed from the date the offer or demand is served on the opposing party.[1] One commentator has concluded that the varying provisions can be reconciled only by substituting "serve" for "file" in subsection (1). See 1 James C. Hauser, Attorney's Fees in Florida, Ch. 5 at 37-38 (1995).
The statute creates a mandatory right to attorney's fees when the statutory "prerequisites have been fulfilled: i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer." TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995), approving Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993). In TGI Friday, the supreme court emphasized, "these two provisions together create an entitlement which qualifies a party to an award of attorney's fees where the party has served an offer that is more or less than the ultimate judgment, if the motion therefor has been timely made." Id. at 612.
The only basis to disallow an award of an attorney's fee is if the court determines the qualifying offer was not made in good faith. See § 768.79, Fla.Stat. (Supp.1990); TGI Friday's, Inc. v. Dvorak, 663 So.2d at 612; Schmidt v. Fortner, 629 So.2d at 1041. In TGI Friday, the supreme court made clear that the reasonableness factors set forth in subparagraph (7)(b) of the statute provide trial court discretion only in determining the reasonableness of the amount of the fee to be awarded. The statute does not afford trial court discretion to determine "whether it is reasonable to entitle qualifying plaintiffs to fees." 663 So.2d at 613. In addition, an offer need not be unreasonably rejected before a court may award attorney's fees, i.e., "the wording of the statute as a whole leaves no doubt that the reasonableness of the rejection is irrelevant to the question of entitlement." Id.
In its analysis of section 768.79 in TGI Friday, the supreme court did not address the internal inconsistency in the 1990 amended statute, and it appears that no other district court of appeal has been required to deal with this specific problem. The general rule is that, if it is possible to do so, inconsistent provisions within a statute should be construed in a manner that reconciles the inconsistencies. If that is not possible, the inconsistencies should be resolved in a manner that will give effect to the last expression of the legislative will. Peterson v. State, Department of Environmental Regulation, 350 So.2d 544, 545 (Fla. 1st DCA 1977). See also Williams v. Hartford Accident & Indemnity Co., 382 So.2d 1216, 1220 (Fla.1980) (the later and more specific language of a statute controls); Spradley v. Doe, 612 So.2d 722, 723 (Fla. 1st DCA 1993) (an important maxim of statutory construction is that the last expression of the legislature prevails). Further, "[i]t is a basic tenet of statutory construction that statutes will not be interpreted so as to yield an absurd result." See Carawan v. State, 515 So.2d 161, 167 (Fla.1987); Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217, 218-219 (Fla.1983). If the inconsistent statutory provisions cannot be harmonized, "a court must reach a construction that will give effect to the purpose of the statute and the legislative intent." Spradley, 612 So.2d at 723.
*141 Application of the foregoing principles to the internal inconsistencies in section 768.79 indicates that subsection (1) reasonably could be construed as establishing the substantive right to an attorney's fee, provided the procedural requirements of the statute are satisfied. Subsection (1) identifies the qualifying criteria for an award of attorney's fees and costs to either defendant or plaintiff.
Subsections (2) through (8) set forth the procedure by which a party may be entitled to recover attorney's fees and costs. Subsection (2) describes the manner in which an offer must be submitted; subsection (3) explains the events which give rise to filing an offer; subsection (4) explains the manner in which an offer must be filed in order to obtain enforcement by the court; subsection (5) explains the manner in which the offer must be withdrawn before it will be deemed void; subsection (6) explains the time period from which the award of attorney's fees and costs shall be calculated; subsection (7)(a) provides the one ground upon which a trial court may exercise discretion to deny attorney's fees and costs to an otherwise qualified party; subsection (7)(b) sets forth the factors to be considered in determining a reasonable amount of a fee; and subsection (8) sets forth the limited situations in which evidence of the offer is admissible.
When subsection (1) is viewed as the substantive provision of section 768.79, legislative intent may be given effect without harmonizing the legislature's use of the verb "file" in subsection (1) with its use of the verb "serve" in subsections (3) and (6). This is because subsections (2) through (8) set forth guidelines governing the conditions precedent to an award of attorney's fees. These provisions require service on an opposing party as the first step in the section 768.79 attorney's fee process. It appears service of the offer is intended to place the opposing party on notice that failure to accept or meet an offer or demand for judgment places that person or entity at risk for payment of attorney's fees and costs. If the offer is not accepted within thirty days, it is deemed rejected. If the offer is accepted, it must be filed with the court if court action is necessary to enforce the offered judgment.[2] If the offer is rejected and the offeror satisfies the prerequisites for an award of attorney's fees and costs at trial, the prevailing party then must file the offer with the court to trigger or activate the procedure for calculation of the amount of an attorney's fee.
Although subsection (1) was amended in 1990 when the statute was rewritten, subsections (3) and (6) were enacted after the conflicting language in subsection (1). Thus, the timing of the adoption of subsections (3) and (6) and their placement within the statute as a whole, suggests that effect should be given to service of an offer as the first requirement for an award of attorney's fees. To construe the statute otherwise would lead to the absurd result that an otherwise qualifying party could be foreclosed from an award of attorney's fees because he or she did not file the offer with the court before the entitlement to the award was established by a jury verdict or acceptance by the opposing party.
To summarize, we conclude that section 768.79(1) should be viewed as establishing the substantive right to an award of attorney's fees and costs upon satisfaction of the two requirements set forth in that provision. The provisions adopted later in time should be viewed as controlling the procedure by which entitlement to an award of fees is governed.[3],[4] Thus, we construe the statute to permit an otherwise qualifying party to receive an award of attorney's fees and costs *142 incurred from the date of the service of the offer.
Accordingly, the order denying attorney's fees and costs to appellants/plaintiffs is reversed, and this cause is remanded for a determination of the good faith of the offer, and for calculation of a reasonable fee.
MICKLE and LAWRENCE, JJ., concur.
NOTES
[1] Under the pre-amended 1989 version of the statute, a defendant was not authorized to receive an award of attorney's fees unless there was a judgment for the plaintiff. In 1990, subsection (1) was rewritten to provide language authorizing an award of attorney's fees and costs to a qualifying defendant in cases where the judgment was one of no liability, or the judgment obtained by the plaintiff was at least twenty-five percent less than the defendant's offer. The 1990 enactment also added subsections (3) through (8). Ch. 90-119, § 48, Laws of Fla.
[2] If the offer is accepted and the offeree fails to comply with the terms of the accepted offer, the offeror may file the offer and acceptance with the court for enforcement of the judgment amount.
[3] In Timmons v. Combs, 608 So.2d 1 (Fla.1992), the supreme court adopted the procedural portion of section 768.79, Fla.Stat. (1991), as a rule, effective January 1, 1993, thereby repealing Florida Rule of Civil Procedure 1.442.
[4] Such a result is consistent with dicta in Westfield Insurance Co. v. Mendolera, 647 So.2d 223 (Fla. 2d DCA 1994), in which the court approved an award of section 768.79 attorney's fees and costs based on a judgment at least twenty-five percent greater than the pretrial demand for judgment served by plaintiff.