711 So.2d 258 (1998)
Roy COOPER, Appellant,
v.
BRICKELL BAYVIEW REAL ESTATE, INC., Appellee.
No. 97-3421.
District Court of Appeal of Florida, Third District.
June 3, 1998.
Eckert Seamans Cherin & Mellot and Anthony J. Carriuolo, Ft. Lauderdale, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Ronald G. Neiwirth, Miami, for appellee.
Before SCHWARTZ, C.J., and GREEN and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
Long after the defendant appropriately served, and the plaintiff ignored, a concededly good faith $10,000.00 offer of judgment under section 768.79, Florida Statutes (1995), the trial court sitting non-jury entered a judgment for the defendant which was affirmed by this court. See Brickell Bayview Real Estate, Inc. v. Cooper, 691 So.2d 1094 (Fla. 3d DCA 1997). Section 768.79(6)(a) provides that fees and costs shall be "calculated... from the date the offer was served, "[emphasis supplied], and section 768.79(3) specifically provides that the offer may not be filed at all "unless it is accepted or unless filing is necessary to enforce the provisions of this section." Notwithstanding, the trial judge, purportedly following section 768.79(1), assessed fees and costs only from the date that the offer was "filed" by defendant after it had won the case and had thus qualified for section 768.79 relief. On the defendant's appeal, we reverse.
As everyone seems to acknowledge, the result below represents a reading of the statute as a whole which is no less than absurd since it contravenes both its express provisions and, more important, the entire reason it was enacted in the first placeto discourage the conduct of litigation after it could have been terminated by the acceptance of a good faith offer of settlement. Jordan v. Food Lion, Inc., 670 So.2d 138 (Fla. 1st DCA 1996).[1] Since we are not permitted, much less obliged, to interpret a statute in such a manner, Jordan, 670 So.2d at 140; State Dep't of Public Welfare v. Bland, 66 So.2d 59, 61 (Fla.1953); Curry v. Lehman, 55 Fla. 847, 855, 47 So. 18, 21 (1908); State v. Brigham, 694 So.2d 793 (Fla. 2d DCA 1997), the order under review is reversed and the cause remanded to award fees and costs from the "date the offer was served." § 768.79(6)(a).
Reversed with directions.
NOTES
[1] This case is another of a recent series in which trial courts, obviously indulging a perhaps understandable reluctance to add to the misery of a party which has already lost on the merits, have refused to enforce section 768.79 as written. E.g., Morejon v. Metropolitan Dade Co., 710 So.2d 233 (Fla. 3d DCA 1998); Pennsylvania Lumbermens Mutual Ins. Co. v. The Sunrise Club, Inc., 711 So.2d 593 (Fla. 3d DCA 1998). Unfortunately, however, a writ of rachmones, see Lerner v. Brin, 608 So.2d 519, 520 n. 1 (Fla. 3d DCA 1992), does not lie, and a plea of "suffered enough" is insufficient to avoid the unambiguous requirements of the statute.