PER CURIAM.
The trial court correctly concluded that the total amount of damages appellant claimed in good faith from appellee in his complaint for conversion and civil theft fell below the statutory minimum amount necessary to invoke its jurisdiction. See § § 26.012(2)(a) & 34.01(l)(c)4, Fla. Stat. (1999). “Separate and distinct claims, even against the same defendant, cannot be aggregated in order to meet the juris *252 dictional threshold.” See Grunewald v. Warren, 655 So.2d 1227, 1230 (Fla. 1st DCA 1995) (citations omitted).
However, as we have held, “a better alternative to dismissal in the event that alleged damages are below the jurisdictional amount for the circuit court is a transfer of that action to the county court.” Aysisayh v. Ellis, 497 So.2d 1316, 1317 (Fla. 1st DCA 1986). Accordingly, we reverse the order of dismissal and remand for entry of an order transferring the action to the county court pursuant to rule 1.060(a), Florida Rules of Civil Procedure.
REVERSED and REMANDED, with directions.
ALLEN, C.J., WEBSTER and BROWNING, JJ., concur.