MAKAR, J.
American First Federal (American) filed a complaint in circuit court against Sara R. Johnson, seeking replevin of, and to foreclose its security interest in a 2002 Ford F150, which was alleged to have a value of less than $15,000. Johnson filed a motion to abate the action, arguing that the circuit court lacked jurisdiction because the value of the truck was under $15,000 and thereby within the county court’s jurisdiction. The circuit court denied the motion, stating it had jurisdiction because the “$15,000 threshold is something that is restrictive to a county court, but not restrictive for the circuit court.” The circuit court proceeded in the matter, granting summary judgment for American. A deficiency final judgment issued, and this prohibition petition followed.
In her petition, Johnson argues that the circuit court lacks jurisdiction over the complaint because the dispute is contractual in nature and thereby subject to the provisions of commercial law, and because the amount in controversy is less than $15,000.00, the monetary threshold for circuit court jurisdiction. In support of these arguments, Johnson cites Aysisayh v. Ellis, 497 So.2d 1316 (Fla. 1st DCA 1986) and Spradley v. Doe, 612 So.2d 722 (Fla. 1st DCA 1993), but distinguishes the applicability of Alexdex Corporation v. Nachon Enterprises, Inc., 641 So.2d 858 (Fla.1994) (reviewing Nachon Enterprises, Inc. v. Alexdex Corp., 615 So.2d 245 (Fla. 3d DCA 1993)).
In Alexdex, the supreme court addressed whether circuit courts had jurisdiction to foreclose a lien on real property, notwithstanding the amount at issue, $4,140.44, was within the county court’s jurisdictional limits. The court reviewed the applicable jurisdictional law and held that circuit courts statutorily have jurisdiction over lien foreclosures on real property, see § 26.012(2)(g), Fla. Stat., but that, contrarily, circuit courts statutorily have exclusive equity jurisdiction despite county courts statutorily having equity jurisdiction within their jurisdictional limits. 641 So.2d at 862; see §§ 26.012(2)(c), 34.01(4), Fla. Stat. Given the apparent inconsistency (i.e., how could circuit courts have exclusive jurisdiction if county courts have limited jurisdiction over such matters?), the court turned to legislative history and concluded that circuit and county courts have concurrent jurisdiction, the latter only within its jurisdictional limits. 641 So.2d at 862 (“to give each statute its full effect, we conclude that the legislature intended to provide concurrent equity jurisdiction in circuit and county courts, except that equity cases filed in county courts must fall within the county court’s monetary jurisdiction, as set by statute”) (footnote omitted).
Johnson distinguishes Alexdex as a real property case, while the dispute over the Ford F150 here is a matter of personal property. While Alexdex did, in part, address that part of the statute granting jurisdiction to circuit courts over matters involving the “title and boundaries” of real *561 property, the court nonetheless found that an inconsistency existed because a hen foreclosure action on real property was also an equitable action over which circuit and county courts generally had jurisdiction. The court did not end its inquiry simply because real property was involved; rather, the crux of the case was the inconsistency in the grant of equity jurisdiction to both the circuit and county courts, which the court resolved by holding that county courts have concurrent jurisdiction over such actions, provided the amount at issue is within statutory limits. In other words, county and circuit courts have concurrent jurisdiction, but the county court’s jurisdiction is confined to matters under $15,000.
The Third District’s recent decision in Millennium Diagnostic Imaging Center, Inc. v. State Farm Mutual Automobile Insurance Co., 2014 WL 54723 (Fla. 3d DCA Jan. 8, 2014), demonstrates this point. At issue was whether a circuit court had jurisdiction over a discovery action even though its monetary jurisdiction was unmet. The appeals court rejected the argument that the action had to be brought in a county court, stating:
Millennium argues that the circuit court did not have jurisdiction over State Farm’s discovery action because the circuit court’s monetary jurisdiction threshold was not satisfied. However, while county courts have equity jurisdiction in cases that fall within the county courts’ monetary jurisdiction, that jurisdiction is not exclusive; rather, the county courts share concurrent jurisdiction with the circuit courts in matters of equity. See Alexdex Corp. v. Nachon Enters., Inc., 641 So.2d 858, 862 (Fla.1994). Because the monetary amount in this case does not exceed the monetary ceiling for county court jurisdiction, both the county court and circuit court were vested with equity jurisdiction in this matter.
Id. at *2. By analogy, the county and circuit courts are vested with equity jurisdiction in this matter because even though the monetary amount is below the “ceiling” for the county court’s jurisdiction, provided — as next discussed — a claim in equity is presented.
Which leads to the nature of the two claims asserted: foreclosure on a security interest on the truck and replevin. Johnson essentially argues that only money is at issue in this dispute and that neither claim is equitable in nature. This argument is similar to that made in Millennium, where Millennium argued that a claim seeking discovery was not equitable in nature. Id. In concluding that the discovery claim was one in equity, the Third District set out the general parameters of equitable versus legal claims: “distinction between an action at law and an action in equity often ‘depends on the nature of the breach and the remedy sought.’ An action at law generally involves a claim for money damages, whereas an equitable claim seeks an order directing a person to do or not to do a specific act.” Id. (citations omitted).
Relevant to this case, the weight of authority is that a foreclosure action on a security interest in chattel (a secured transaction) is equitable in nature. See, e.g., Scheneman v. Barnett, 53 So.2d 641 (Fla.1951); Alford v. Leonard, 88 Fla. 532, 102 So. 885, 889 (1925); Skinner v. Moore, 86 Fla. 365, 98 So. 331, 332 (1923); Hooks v. Farmers’ Union Warehouse Co., 62 Fla. 496, 56 So. 501, 501 (1911); Weston v. Jones, 41 Fla. 188, 25 So. 888 (1899); Tuten v. Gazan, 18 Fla. 751, 751 (Fla.1882). For this reason, jurisdiction is concurrent in the circuit court and county court, the latter because the amount at issue is under $15,000. Alexdex, 641 So.2d at 862.
In contrast, replevin is a “possesso-ry statutory interest at law” over which the county court would have jurisdiction if the amount at issue was within the statuto *562 ry limit (as it is here). See Spradley v. Doe, 612 So.2d 722 (Fla. 1st DCA 1993). On this point, Johnson relies on Aysisayh, which facially seems to support her position, though two points caution against its application. The first is Alexdex, whose jurisdictional analysis undercuts Johnson’s argument. Second, Aysisayh was decided under a former version of the replevin statute, section 78.08, which was entitled “Venue and Jurisdiction.” The court in Aysisayh quoted and highlighted the statute as then written, saying:
Section 78.03 establishes venue and jurisdiction requirements for replevin actions, and states that ‘[t]he action shall be brought in the court in the county where the property is which has jurisdiction of the value of the property sought to be replevied’ (emphasis supplied).
Aysisayh, 497 So.2d at 1316. The pro se litigant in Aysisayh filed in circuit court, but the highlighted language was deemed to clearly provide that “jurisdiction over the replevin of property valued in the complaint at $3,100 would lie in the county rather than the circuit eourt[.]” Id. at 1316 ($5,000 was the jurisdictional dividing line at that time). As such, this Court remanded with instructions to transfer the case to the county court.
Section 78.03, however, was sub-divided and reworded in 1993. The title of section 78.03 was changed from “Venue and Jurisdiction” to “Jurisdiction” and its language revised as follows:
[[Image here]]
Ch. 93-81, Laws of Florida. This change made jurisdiction for a replevin action proper in “a court of competent jurisdiction” not just a county court. Newly-created section 78.032, entitled “Venue,” provided:
An action for replevin may be brought in any county where the property sought to be replevied is located, where the contract was signed, where the defendant resides, or where the cause of action accrued. An action that includes a cause of action for replevin and other causes of action may be brought in any county where venue is proper under chapter 47 for any of the other causes of action or in any county where venue for the replevin is proper under this section.
Id. This new section expanded the possible counties in which venue was proper beyond the one where the property was located. The overall result is that circuit and county courts have concurrent jurisdiction over a replevin action, and that venue is proper in a number of counties potentially. Nonetheless, a statutory re-plevin action is a legal claim, and because the amount in controversy is within the county court’s limits, it would — standing alone — be required to be filed in the county court.
Because circuit court jurisdiction exists over the equitable claim, but not over the closely-related legal claim, we resort to the principle of Alexdex that the concurrent equity jurisdiction of the county and circuit court’s does not require a circuit court— where a claim for equitable relief is properly asserted in that court — to transfer the case to county court due to the insufficiency of the monetary jurisdictional amount alleged. See Recanzone v. May Co., 712 So.2d 474 (Fla. 4th DCA 1998) (action in circuit court for “damages and injunctive relief’ not in excess of county court’s jurisdictional amount may not be transferred to county court). Consistent with this principle, we note that had the initial complaint been filed in a county court (where venue was proper), that court would have jurisdiction if the amount in controversy was within its jurisdictional limits. Plaintiffs *563 have this choice when claims in equity are asserted. See Philip J. Padovano, Civil Practice § 1.5 (2013 ed.) (“Stated another way, an equitable claim can be asserted in the county court or in the circuit court if the amount in controversy is less than $15,000. This is a matter for the plaintiff to decide.”)[1]
For these reasons, we deny Johnson’s petition seeking to prohibit the circuit court’s continuing jurisdiction over this case.
DENIED.
ROBERTS and SWANSON, JJ., concur.

. Judge Padovano's treatise provides the example that "if the plaintiff elects to file the case in the circuit court, the assigned circuit judge may not thereafter transfer it to the county court merely because the county court would also have jurisdiction. However, an entirely different situation exists if an equitable claim is valued at more [than] $15,000. In that case, the circuit court would have exclusive jurisdiction.” Padovano, supra, § 1.5.