BILBREY, J.
Appellant challenges the order dismissing with prejudice his complaint for monetary damages against the Florida Department of Corrections (DOC) as compensation for the loss of his personal property while housed at Columbia Correctional Institution. The dismissal - was based on Appellant’s failure to exhaust administrative remedies.
Appellant brought his suit in the circuit court, but alleged in the first paragraph of his complaint that, “This is an action for damages for a sum within the jurisdictional limits of this court, to wit: $15,000.00, pursuant to Article V § 6, § 20(c)(4), Florida Constitution ánd § 34.01, Florida Statutes (2014).” Later in his complaint, Appellant sought damages in the amount of $22:48 to replace his property allegedly taken by DOC employees and $17.50 for “Paper, Copies, and U.S. Postage.”
Without question, the specific amount of damages alleged is far below the jurisdictional threshold for the circuit court, pursuant to sections 26.012(2)(a) and 34.01(1)(c), Florida Statutes. The complaint quotes Article V, sections 6 and 20(c)(4) of the Florida Constitution, as well as section 34.01, Florida Statutes, all of which refer to county courts or their jurisdiction. Even if the first paragraph of the complaint is read to mean - Appellant was seeking $15,000 in damages (as opposed to seeking a sum within the purported $15,000 jurisdictional limit • of the circuit court), the amount sought is within the jurisdiction of the county court since circuit courts have jurisdiction only for those- civil matters which exceed $15,000 in damages. The circuit court lacked subject matter jurisdiction to hear this case. This jurisdictional deficiency requires reversal of the circuit court’s order and remand for the entry of an order transferring the case to the county court. Spradley v. Doe, 612 So.2d 722 *772 (Fla. 1st DCA 1993); see also Hartley v. Tifft, 87 So.3d 54 (Fla. 1st DCA 2012).[1]
Appellee requests that we find that the end result would be the same under a harmless error analysis citing Special v. West Boca Medical Center, 160 So.3d 1251 (Fla. 2014). However, “a lack of subject matter jurisdiction renders a judgment void, ‘and a void judgment can be attacked at any time, even collaterally.’ ” Hardman v. Koslowski, 135 So.3d 434, 436 (Fla. 1st DCA 2014) (quoting Strommen v. Strommen, 927 So.2d 176, 179 (Fla. 2d DCA 2006)). The circuit court’s dismissal of the complaint for failure to exhaust administrative remedies was void for lack of subject matter jurisdiction. Whether Appellant exhausted his administrative remedies and any other matters which must be determined are properly within the jurisdiction of the county court.
REVERSED and REMANDED with directions.
WOLF and RAY, JJ., CONCUR.

. Even if the dismissal had been based on lack of subject matter jurisdiction we would be compelled to reverse. "[A] better alternative to dismissal in the event that alleged damages are below the jurisdictional amount for the circuit court is a transfer of that action to the county court.'' Bowers v. Parrish, 845 So.2d 251, 251 (Fla. 1st DCA 2003) (quoting Aysisayh v. Ellis, 497 So.2d 1316, 1317 (Fla. 1st DCA 1986)).