# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D17-1096
1D17-1121
(Consolidated for disposition)

_____

STEAK 'N SHAKE OPERATIONS,
INC.,

    Appellant/Cross-Appellee,

    v.

MICHAEL DAVIS,

    Appellee/Cross-Appellant.

_____


On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

February 27, 2019


PER CURIAM.

Mike Davis slipped and fell inside a Tallahassee Steak 'n Shake restaurant. About a year later, Davis sued Steak 'n Shake Operations, Inc. (SNS), alleging negligence. The case went to trial, and the jury awarded more than $100,000 in damages. SNS now appeals, arguing the trial court erred in denying its motions for summary judgment, directed verdict, and new trial. Davis cross-appeals the court's denial of his motion for attorney's fees under section 768.79, Florida Statutes. We affirm the final judgment against SNS and reverse the denial of attorney's fees.

The evidence showed that Davis walked into the Steak 'n Shake shortly after a hostess mopped part of the floor. Davis walked over a recently mopped area and fell. There was conflicting evidence on several points, including whether the hostess was using a wet mop (as opposed to a dry mop), whether she adequately warned Davis, and whether she placed a warning sign in the right spot. We find no error in the court's decision to deny SNS's motion for summary judgment, its motion for direct verdict, and its motion for new trial.

As to Davis's cross-appeal, we reverse the order denying his motion for attorney's fees. Early on, Davis served an offer of judgment, proposing to settle "all claims" against SNS for $9500. SNS never accepted, and the judgment was well over twenty-five percent of the offer. *See* § 768.79(6)(b), Fla. Stat. This denial and subsequent recovery would ordinarily require an award of attorney's fees. *See Jordan v. Food Lion, Inc.*, 670 So. 2d 138, 140 (Fla. 1st DCA 1996); *see also* § 768.79(6)(b), Fla. Stat. But the supreme court has held "that settlement proposals must clarify which of an offeree's outstanding claims against the offeror will be extinguished by any proposed release." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1080 (Fla. 2006). And it has said that "[i]f ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement." *Id.* at 1079. Here, SNS contends that the offer was ambiguous (and therefore invalid) because Davis amended his complaint after serving his offer, rendering the earlier offer ambiguous. We reject this argument and conclude that the nonmaterial amendment to the complaint did not render the earlier offer ambiguous. We therefore reverse and remand for entry of an order awarding fees.

AFFIRMED in part; REVERSED in part; REMANDED.

MAKAR, WINOKUR, and WINSOR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jason C. Taylor of McConnaughhay, Coonrod, Pope, Weaver, & Stern, Tallahassee, for Appellant/Cross-Appellee.

John S. Mills of The Mills Firm, P.A., Tallahassee, for Appellee/Cross-Appellant.