WOLF, Judge.
Petitioners, filed a petition for writ of cer-tiorari to review an order granting the state’s motion to dismiss Maddox’s notice of stay of proceedings filed pursuant to chapter 501, Florida Statutes. The issue before us is whether the trial court departed from the essential requirements of law by dismissing petitioners’ notice of stay of proceedings filed pursuant to section 501.2091, Florida Statutes. We grant the petition.
On May 31,1996, the state attorney filed a summons and civil complaint against petitioners, premised on allegations of violations of chapter 501, Florida Statutes, Florida’s Deceptive and Unfair Trade Practices Act. The complaint sought temporary and permanent injunctions, civil penalties, investigative costs, and any other equitable relief deemed necessary. In response, petitioners filed a separate civil action requesting a jury trial on the issues presented by the state attorney’s complaint, and sought a stay of the proceedings initiated by the state attorney. The state argues that section 501.2091, the stay provision, was only meant to apply to a stay of administrative proceedings brought by an enforcing authority and the language contained within the statute is outdated.
Section 501.2091, Florida Statutes, was enacted to read as follows:
*612 Jury Trial. Notwithstanding anything in this act to the contrary, any person made a party to any proceeding brought under the provisions of this act by any enforcing authority may obtain a stay of such proceedings at any time by filing a civil action requesting a trial on the issues raised by the enforcing authority in the circuit court in the county of said party’s residence. All parties shall be bound by the final order of the said circuit court.
Ch. 73-124, § 1, Laws of Fla.[1] The language of the statute, as quoted above, is not ambiguous. Section 501.2091 applies to “any proceeding brought under the provisions of this act by any enforcing authority.” The state brought a proceeding against the petitioners under chapter 501; therefore, the petitioners are entitled to use the stay provision provided in section 501.2091.
The limitation urged by the state is not supported by the statutory language. If stays are limited to administrative proceedings, the statute should so state. If the statute is outdated, it is up to the Legislature to deal with the problem. It is the duty of the court to enforce the plain and unambiguous meaning of the statutory language. See Hill v. State, 688 So.2d 901, 908 (Fla.1996) (Anstead, J., concurring in part, dissenting in part), cert. denied, — U.S. -, 118 S.Ct. 265, 139 L.Ed.2d 191 (1997). The petition is granted, and the circuit court order granting the motion to dismiss the stay is quashed.
JOANOS, J., and SMITH, LARRY G., Senior Judge, concur.

. When enacted, the title of the statute was "Jury Trial”; when the 1973 statutes were published, however, the title “Jury Trial” had been changed to "Stay of Proceedings Pending Trial,” which it still carries in the current editions of the statute. Otherwise, the current text of the statute is essentially the same as it was when the statute was enacted. See § 501.2091, Fla. Stat. (1997).