989 So.2d 663 (2008)
JUSTICE ADMINISTRATIVE COMMISSION, Petitioner,
v.
Keith A. PETERSON, Respondent.
No. 2D07-6075.
District Court of Appeal of Florida, Second District.
July 23, 2008.
*664 Stephen M. Presnell, General Counsel, and Christian D. Lake, Assistant General Counsel, Tallahassee, for Petitioner, The Justice Administrative Commission.
Keith A. Peterson, pro se.
CASANUEVA, Judge.
The Justice Administrative Commission (JAC) petitions for a common law writ of certiorari to quash the circuit court's order that it pay attorney's fees and costs to the court-appointed counsel for an indigent, nonparent legal custodian in a juvenile dependency proceeding. Because the plain language of the statute, section 29.007(2), Florida Statutes (2006), authorizing the JAC to pay attorney's fees and costs does not include nonparents in these circumstances, we grant the petition and quash the circuit court's order.
This case began in July 2006 when the Department of Children and Family Services sheltered a nine-year-old child from her grandfather and sought an adjudication of dependency. A New Jersey court had previously placed her in the grandfather's custody when she was only a few months old.[1] The circuit court appointed respondent, attorney Keith A. Peterson, to represent the grandfather in the ensuing dependency action. On July 31, 2007, Mr. Peterson submitted a bill to the JAC for services rendered on the grandfather's behalf in these proceedings. The JAC ob *665 and refused to pay for Mr. Peterson's services, claiming it could only pay for court-appointed counsel for parents, not nonparents. Mr. Peterson then filed a motion for fees and costs in the circuit court, a hearing was held, and the circuit court granted his motion and ordered the JAC to pay for Mr. Peterson's services.
Certiorari is appropriate to challenge the award of attorney's fees to court-appointed counsel. Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925, 928 n. 3 (Fla.2002). When reviewing a petition for writ of certiorari, the reviewing court determines if the lower tribunal has departed from the essential requirements of the law. Id. When the circuit court does not apply the plain and unambiguous language of the relevant statute, it departs from the essential requirements of law. See State v. Katz, 417 So.2d 716, 717 (Fla. 2d DCA 1982) ("We conclude that the trial court departed from the essential requirements of the law by misapplying the plain language of the constitutional and statutory sections it relied on."); see also Orange County v. Lewis, 859 So.2d 526, 529 (Fla. 5th DCA 2003) (holding on second-tier certiorari review that the circuit court incorrectly construed the applicable county code and thus departed from the essential requirements of the law by ignoring the plain language of the code); Maddox v. State ex rel. Golden, 709 So.2d 611, 612 (Fla. 1st DCA 1998) (granting petition for common law certiorari because the circuit court failed to enforce the "plain and unambiguous meaning of the statutory language").
Section 27.42(5), Florida Statutes (2006), authorizes the JAC to compensate court-appointed attorneys with funds appropriated by the Florida Legislature. The legislature has limited the JAC to compensating only court-appointed attorneys who represent individuals with a statutory or constitutional due process right to appointed counsel. See § 29.007(2) (authorizing the JAC to pay attorney's fees for "[p]rivate attorneys appointed by the court to represent indigents ... in civil proceedings requiring court-appointed counsel in accordance with state and federal constitutional guarantees and federal and state statutes"). Therefore, court-appointed counsel should expect to be paid from state funds only when their indigent client has either a statutory or constitutional right to appointed counsel. See § 27.40(1) ("Counsel shall be appointed to represent any individual in a criminal or civil proceeding entitled to court-appointed counsel under the Federal or State Constitution or as authorized by general law.")
Mr. Peterson's client, the child's grandfather, does not possess a recognized constitutional right to appointment of counsel. Because the law recognizes a constitutionally protected interest in preserving the family unit and raising one's children, the potential permanent loss of parental rights entitles a parent to appointed counsel. See In the Interest of D.B., 385 So.2d 83, 90 (Fla.1980). Further, this court has held that a nonparent legal custodian acting in loco parentis does not have parental rights equivalent to the natural or adoptive parent. See K.A.S. v. R.E.T., 914 So.2d 1056, 1063 (Fla. 2d DCA 2005) ("[A] stepparent, custodian, guardian, or other person standing in loco parentis to a child does not acquire all of the rights or assume all of the obligations of a natural parent."). Indigent persons subject to a dependency action who are not the natural or adoptive parent are not entitled to appointment of counsel at the State's expense because they cannot potentially lose parental rights they do not possess. Consequently, constitutional due process does not require the court presiding over the dependency proceeding to *666 appoint counsel to the grandfather because he is a nonparent acting in loco parentis.
Neither does Mr. Peterson's client have a statutory right to appointed counsel. Section 39.013(9)(a), Florida Statutes (2006), establishes the statutory right to counsel in dependency proceedings against indigent parents: "At each stage of the proceedings under this chapter, the court shall advise the parents of the right to counsel. The court shall appoint counsel for indigent parents." This section must be read in conjunction with the definition of the term "parent" in section 39.01(48):
"Parent" means a woman who gives birth to a child and a man whose consent to the adoption of the child would be required under s. 63.062(1). If a child has been legally adopted, the term "parent" means the adoptive mother or father of the child. The term does not include an individual whose parental relationship to the child has been legally terminated, or an alleged or prospective parent, unless the parental status falls within the terms of s. 39.503(1) or 63.062(1).[2]
The express language of the statute does not include a grandfather in the definition of "parent," even where he has been the "de facto" parent for, essentially, the child's entire life. "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Hess v. Walton, 898 So.2d 1046, 1049 (Fla. 2d DCA 2005) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). Because the JAC's authority to pay attorney's fees stems from the explicit language of the statute, the circuit court departed from the essential requirements of law by interpreting the statutory definition of "parent" beyond its plain meaning to encompass a nonparent.
We recognize that the grandfather has been the court-approved custodian of this child for almost her entire life and that it seems counter to public policy to deny fees to the legal representative of this indigent parental substitute. However, our branch of government possesses neither the power to appropriate funds nor the ability to identify, by enactment of law, to whom those revenues should be paid. It is the legislature's task to perform these public policy functions and, in this instance, it has clearly spoken. Unless the legislature elects to amend the statutory definition of parent to encompass nonparent custodians or to otherwise authorize publicly-funded counsel for nonparent legal custodians against whom a dependency proceeding is initiated, the JAC has neither the statutory nor constitutional authority to compensate court-appointed attorneys in Mr. Peterson's circumstances.
The circuit court departed from the essential requirements of law by interpreting the relevant statutes beyond their plain and unambiguous language and by ordering the JAC to pay for Mr. Peterson's services. Therefore, we grant the petition for writ of certiorari and quash the circuit court's order.
NORTHCUTT, C.J., and KELLY, J., concur.
NOTES
[1] The child's mother's parental rights have not been terminated, and there is no pending motion to terminate her parental rights.
[2] Neither section 39.503(1), relating to identifying and locating an unknown parent, nor section 63.062(1), Florida Statutes (2006), relating to persons whose consent is required for adoption, is applicable to the circumstances of this case.