40 So.3d 908 (2010)
In the Interest of A.G., a child,
W.G., Petitioner,
v.
S.A., Respondent.
No. 3D10-1265.
District Court of Appeal of Florida, Third District.
July 28, 2010.
Thomas J. Butler; Karla Perkins, counsel for Department of Children and Families; Hillary S. Kambour, Appellate Counsel for Guardian ad Litem Program, for petitioner.
Joseph P. George, Office of Criminal Conflict and Civil Regional Counsel, and Richard F. Joyce, Chief Assistant Regional Counsel; The Justice Administrative Commission, and Christian D. Lake, Assistant General Counsel, for respondent.
Before COPE and SALTER, JJ., and SCHWARTZ, Senior Judge.
*909 SALTER, J.
W.G., the father of A.G., a child under dependency proceedings, seeks certiorari review of an order denying his motion for appointment of counsel. We grant the petition.
A.G. was taken into shelter care by the Department of Children and Family Services ("DCF"). DCF filed verified dependency petitions charging A.G.'s mother, the custodial parent, with abuse. No charges were brought against W.G. The mother is represented by Criminal Conflict and Civil Regional Counsel. W.G. established that he is indigent and requested that he be appointed counsel.
DCF and the Guardian ad Litem ("GAL") agreed with the father's motion. The GAL asserted that failure to appoint counsel for the father could affect the permanency and best interest of the child. The court denied the motion, finding that it was required to do so under C.L.R. v. Department of Children & Families, 913 So.2d 764 (Fla. 5th DCA 2005). The trial court then entered a withhold of adjudication as to the mother. W.G. sought certiorari review of the order denying his motion for appointed counsel.
We grant certiorari because we find that the trial court departed from the essential requirements of law in denying the father's motion. See Justice Admin. Comm'n v. Peterson, 989 So.2d 663 (Fla. 2d DCA 2008). Section 39.013(1), Florida Statutes (2010), does not add to the definition of "parent" the added restriction imposed by the Fifth District in C.L.R., that only a parent actually threatened with termination or dependency is eligible for appointed counsel. Under C.L.R., a "non-offending parent," such as W.G., is not eligible.
"Legislative intent guides statutory analysis, and to discern that intent [the court] must look first to the language of the statute and its plain meaning. Where the statute's language is clear or unambiguous, courts need not employ principles of statutory construction to determine and effectuate legislative intent." Fla. Dep't of Children & Family Servs. v. P.E., 14 So.3d 228, 234 (Fla.2009) (citations omitted). The statutes in this case are clear and unambiguous. In all instances the statutes refer to "parents" without any distinction between an "offending" or "non-offending" parent. This plain language, without a distinction, can only lead to the conclusion that both parents are to be treated the same.
"Parents must be informed by the court of their right to counsel in dependency proceedings at each stage of the dependency proceedings. Parents who are unable to afford counsel must be appointed counsel." § 39.013(1), Fla. Stat. (2010). Based on this plain language any imposition of a qualifier or restriction on the definition of the term "parent" or on which "parent" is entitled to the statutorily mandated, court-appointed counsel contradicts the plain meaning of the statute.
The analysis in C.L.R. relies on sections 39.501(3)(c) and .505, Florida Statutes, to conclude that only "offending parents" are afforded counsel. However, there is no basis in either subsection to support this conclusion. Section 39.501(3)(c) merely states that a petition for dependency is not required to recite allegations against both parents. This is logical. If DCF has no grounds under which to charge one parent with wrongdoing it would be frivolous to do so. This section does state that the petition must list all parents. These provisions support the conclusion that both parents are treated equally under Chapter 39.
In further support of this interpretation, our Supreme Court has promulgated Florida *910 Rule of Juvenile Procedure 8.320, which also provides, in sub part (a)(2), "The court shall appoint counsel to indigent parents or others who are so entitled as provided by law, unless appointment of counsel is waived by that person." The language in the Rule, like the statute, has no limitation or qualification. Under the plain meaning of this Rule, there is no basis for restricting appointment of counsel to "offending" parents.
Another important reason for granting certiorari is that while the father may be characterized as the "non-offending parent," the mother's response states that the father was given a case plan and that his visitation was suspended. The verified petition also attached a case plan for W.G. identifying "child neglect and abandonment" by W.G. and a goal with duties to be established for W.G. These duties included payment of child support and preparation of an updated financial affidavit. Due process requires that he be afforded counsel, as the statute provides, before his substantial parental rights may be affected.
Finally, and as a matter of common sense, the "non-offending parent" may need, and indeed may be entitled, to take action based on any possible relief afforded by DCF to the offending parent. As W.G. asserts in this case, a "non-offending," indigent, non-attorney parent can hardly be expected to navigate through such proceedings without counsel. At any juncture, failure to act could prejudice the non-offending parent's rights in intervention.
In Justice Administrative Commission v. Berry, 5 So.3d 696 (Fla. 3d DCA 2009), we reversed a circuit court order appointing counsel for a parent who failed to appear for an advisory hearing (thereby deemed to consent to termination of the parent's parental rights). That case is distinguishable, however, because in that case the absent parent had not established indigency.
Based on the foregoing, we hereby certify conflict with C.L.R. v. Department of Children & Families, 913 So.2d 764 (Fla. 5th DCA 2005). We grant certiorari and quash the order under review.