DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CUSTOM HOMES BY TRIUMPH, LLC,

Appellant,

v.

BENJAMIN SVERDLOW and KIMBERLY SVERDLOW,

Appellees.

No. 2D2024-0148

_____

August 29, 2025

Appeal from the Circuit Court for Hillsborough County; Robert A.
Bauman, Judge.

Sean C. Boynton of Kingdom Comprehensive, LLC, Tampa; and Bryan
Calvo and Michael P. Beltran of Beltran Litigation, P.A., Tampa, for
Appellant.

Andrew S. Kanter of Law Office of Andrew S. Kanter, Tampa, for
Appellees.

ATKINSON, Judge.

Custom Homes by Triumph, LLC, appeals the trial court's order
granting Benjamin and Kimberly Sverdlow's motion for order discharging
its construction lien. We treat the appeal as a petition for writ of
certiorari, grant the petition, and quash the order.

## Background

Custom Homes filed a two-count complaint against the Sverdlows arising out of a contract for the construction of a home on the Sverdlows' property. Custom Homes sought damages in count one for the Sverdlows' alleged breach of the contract. In count two, Custom Homes sought to foreclose a claim of lien it had recorded against the Sverdlows' property, which asserted that the Sverdlows owed Custom Homes money under the contract.

The Sverdlows filed a "Show Cause Counter-Complaint" seeking the discharge of Custom Homes' construction lien pursuant to section 713.21(4), Florida Statutes (2023). The Sverdlows alleged several issues with Custom Homes' performance and disputed that they owed any money. Section 713.21 provides several procedures by which a construction lien may be discharged, one of which is by "an order of the circuit court of the county where the property is located":

> Upon filing a complaint therefor by any interested party the clerk shall issue a summons to the lienor to show cause within 20 days why his or her lien should not be enforced by action or vacated and canceled of record. Upon failure of the lienor to show cause why his or her lien should not be enforced or the lienor's failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien.

§ 713.21(4).

After nearly two months passed with no activity, the Sverdlows filed their motion for order discharging Custom Homes' construction lien. The Sverdlows argued in the motion that Custom Homes "had twenty (20) days to answer the Show Cause Counter-Complaint" but that Custom Homes "failed to show cause as to why its lien should not be enforced" within that time. Custom Homes then filed an answer to the Show Cause Counter-Complaint and a response to the motion for order

2

discharging its lien.  In its response to the Sverdlows' motion, Custom Homes argued that "the Clerk never issued a summons . . . requiring a response within 20 days, and thus [Custom Homes] in no way has failed to show cause," and that "it is apparent that [Custom Homes] is enforcing the lien by action as the lien foreclosure [is] one of the counts in the original complaint."

The trial court entered an order granting the Sverdlows' motion to discharge Custom Homes' construction lien.  The trial court reasoned that it was "required" to discharge the lien because after the Sverdlows "properly filed and served . . . a Counter-Complaint demanding [Custom Homes] to Show Cause in compliance with Fla. Stat. § 713.21(4)," Custom Homes "had twenty (20) days from service to file a Show Cause response to [the Sverdlows'] Counter-Complaint" but failed to do so.  The order discharged Custom Homes' lien and dismissed with prejudice Custom Homes' lien foreclosure cause of action in count two of its complaint.

## Analysis

Custom Homes appealed the trial court's order as "a final order discharging [its] construction lien."  In its initial brief, Custom Homes states that while it "believes the discharge of the lien . . . is a final order," "the proper avenue to address the order in this case is a Writ of Certiorari," and it therefore requests that this court treat the appeal as a petition for writ of certiorari.  The Sverdlows challenge this court's jurisdiction under either approach.

## I.

This court has jurisdiction to "hear appeals . . . from final judgments or orders of trial courts . . . not directly appealable to the supreme court or a circuit court" and from "interlocutory orders . . . to

the extent provided by rules adopted by the supreme court." Art. V, § 4(b)(1), Fla. Const. Generally, an order is final for purposes of appeal if it "constitutes an end to the judicial labor in the cause" such that "nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected." *S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974) (citing *Hotel Roosevelt Co. v. City of Jacksonville*, 192 So. 2d 334, 338 (Fla. 1st DCA 1966)). However, if an order "totally disposes of an entire case as to any party" or "disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims," it may be reviewable as a partial final judgment. *See* Fla. R. App. P. 9.110(k). Otherwise, Florida Rule of Appellate Procedure 9.130 enumerates the types of nonfinal orders for which the supreme court has authorized appellate review. *See* Fla. R. App. P. 9.130(a)(3).

In this case, the trial court's order does not satisfy any of those jurisdictional standards for appellate review. Although the order dismissed Custom Homes' lien foreclosure cause of action with prejudice, it is not a final order because it did not adjudicate Custom Homes' breach of contract cause of action in count one. Further judicial labor therefore remains regarding count one. *See S.L.T. Warehouse*, 304 So. 2d at 99. And because the remaining judicial labor on the breach of contract cause of action is interdependent with the foreclosure cause of action, the order is not reviewable as a partial final order. Additionally, an order discharging a lien is not one of the types of interlocutory orders that the supreme court has authorized for appeal in rule 9.130. For these reasons, this court lacks jurisdiction to review the trial court's order by appeal.

4

However, "under very narrow circumstances, a party may petition for writ of certiorari to seek review of a non-final order not otherwise appealable." *Keck v. Eminisor*, 104 So. 3d 359, 364 (Fla. 2012); *see also* art. V, § 4(b)(3), Fla. Const. (vesting district courts of appeal with the power to "issue writs of . . . certiorari"); *see also* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought . . . ."). Those "narrow circumstances" are when "(1) the order 'depart[s] from the essential requirements of the law,' and (2) 'result[s] in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.' " *Keck*, 104 So. 3d at 364 (alterations in original) (quoting *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011)). "The last two elements are jurisdictional and must be analyzed before the court may even consider the first element." *Williams*, 62 So. 3d at 1132.

In this case, the trial court's order results in material injury to Custom Homes that cannot be corrected on postjudgment appeal. *Cf. Catalfumo Constr. Ltd. v. Elizabeth Jason Corp.*, 867 So. 2d 1279, 1279 (Fla. 4th DCA 2004) (reviewing an order canceling the petitioner's lien via certiorari and quashing the order); *Dracon Constr., Inc. v. Facility Constr. Mgmt., Inc.*, 828 So. 2d 1069, 1070 (Fla. 4th DCA 2002) ("A petition for writ of certiorari is the appropriate vehicle to seek review of an order granting a motion to vacate a lien."); *A & M Painting v. Jennings*, 598 So. 2d 335, 335 (Fla. 4th DCA 1992) (treating the portion of the appeal challenging an order granting a motion to discharge a lien as a petition for writ of certiorari and denying the petition). A recorded claim of lien is what establishes a construction lien capable of enforcement. *See* § 713.05 ("No lien under this section shall be acquired until a claim of lien is recorded."). Consequently, the discharge of Custom Homes'

5

recorded claim of lien is itself material injury. And "the discharge of the lien puts [the Sverdlows] in a position to sell or transfer their property and deprive [Custom Homes] of their statutory basis for the claim, which cannot be remedied on post judgment appeal." *See Fettig's Constr., Inc. v. Paradise Props. & Interiors LLC*, 305 So. 3d 555, 558 (Fla. 4th DCA 2020); *see also James B. Pirtle Constr. Co. v. Warren Henry Autos., Inc.*, 329 So. 3d 205, 207 (Fla. 3d DCA 2021) ("The trial court's order discharging Pirtle's Claim of Lien against WHA irreparably harms Pirtle by depriving it of its security to recover any alleged losses from WHA."). In other words, if Custom Homes must wait until the end of the litigation to obtain review of the order discharging its lien, the Sverdlows may no longer own the real property to which Custom Homes' lien could attach. In that event, a reversal on postjudgment appeal would not remedy the injury caused to Custom Homes. Accordingly, this court has certiorari jurisdiction to review the trial court's order.

## II.

Certiorari review is limited to whether the trial court departed from the essential requirements of law. A departure from the essential requirements of law occurs "when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice." *Williams*, 62 So. 3d at 1133 (quoting *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 528 (Fla. 1995)). " '[C]learly established law' can derive from a variety of legal sources, including . . . statutes . . . ." *Allstate Ins. v. Kaklamanos*, 843 So. 2d 885, 890 (Fla. 2003). "When the circuit court does not apply the plain and unambiguous language of the relevant statute, it departs from the essential requirements of law." *Just. Admin. Comm'n v. Peterson*, 989 So. 2d 663, 665 (Fla. 2d DCA 2008).

6

In this case, the trial court failed to apply the unambiguous language of section 713.21(4) in two ways. First, the trial court improperly calculated Custom Homes' twenty-day show-cause deadline based on the Sverdlows' *service* of their Show Cause Counter-Complaint. Section 713.21(4) makes clear that it is the *summons* issued by the clerk that triggers the lienor's twenty-day deadline to show cause. *See* § 713.21(4) ("Upon filing a complaint therefor by any interested party *the clerk shall issue a summons to the lienor to show cause within 20 days* why his or her lien should not be enforced by action or vacated and canceled of record." (emphasis added)); *Catalfumo Constr. Ltd.*, 867 So. 2d at 1279 ("We hold that the 20-day provision in section 713.21(4), Florida Statutes (2003), does not begin to run until the Clerk has issued a show cause summons, which was not done in this case. We quash the order canceling petitioner's lien and return this cause to the trial court for further proceedings consistent with this holding."). Because the clerk never issued a show-cause summons, Custom Homes' twenty-day deadline never even commenced. So, in derogation of the plain language of the statute, the trial court prematurely discharged Custom Homes' construction lien.

Second, the trial court overlooked the fact that Custom Homes had already availed itself one of the two methods under section 713.21(4) by which a lienor may avoid the discharge of the lien. The lienor's obligation is to show cause "why his or her lien should not be enforced *by action* or vacated and canceled of record," and the lien must be discharged only "[u]pon failure of the lienor to show cause why his or her lien should not be enforced *or* the lienor's failure to *commence such action* before the return date of the summons." § 713.21(4) (emphasis added). Custom Homes' complaint included a cause of action to foreclose its lien. And by

7

seeking to foreclose its lien, Custom Homes was necessarily seeking to *enforce* it. So even if the clerk had issued a show-cause summons, Custom Homes had already completed one of the two alternative actions—"show cause . . . why [the] lien should not be enforced [by action]" *or* "commence such action"—that the summons would have directed it to accomplish, that is, commence an action to enforce its lien. *See* § 713.21(4); *cf. Nachon Enters. v. Alexdex Corp.*, 615 So. 2d 245, 247 (Fla. 3d DCA 1993) (holding that the circuit court erred by discharging a construction lien upon a motion to discharge the lien filed by the property owner because at the time the motion was filed, the lienor had already "properly taken steps to avoid cancellation of the lien" by way of its "prior timely and proper filing of [a] foreclosure action in the County Court"), *approved in part*, 641 So. 2d 858 (Fla. 1994).

Both of the two ways in which the trial court failed to apply the unambiguous language of section 713.21(4) constituted departures from the essential requirements of law. *See Peterson*, 989 So. 2d at 665. Accordingly, Custom Homes' petition for writ of certiorari is granted, and the trial court's order is quashed.

Petition granted; order quashed.

SILBERMAN and BLACK, JJ., Concur.

—————————————————————

Opinion subject to revision prior to official publication.